SHINGLETON BROTHERS, *a corporation, v.* W. HARVEY LASURE *and* ALDA G. LASURE, *Trading, etc.*

(No. 8992)

Submitted October 25, 1939.  Decided January 10, 1940.

*Charles C. Scott,* for plaintiff in error.
*Creed S. Simons,* for defendants in error.

MAXWELL, JUDGE:

In the circuit court of Harrison County, on appeal from a justice, there was a verdict in favor of Shingleton Brothers, a corporation, against W. Harvey Lasure and Alda G. Lasure, his wife, for $215.47. On motion of the Lasures the court set aside the verdict and granted them a new trial. The plaintiff obtained this writ of error.

The underlying question is whether there is liability on either of the above named defendants for merchandise which the plaintiff sold to E. A. Thorne & Company on and after July 31, 1937.

In October, 1936, Ellery A. Thorne, son-in-law of the Lasures, bought a small store at Hepzibah, in Harrison County, and entered upon the operation of the same. In the summer of 1937, he had become involved in his accounts, and the plaintiff had refused to sell him goods except for cash on delivery.

Beginning July 31, 1937, for goods sold and delivered by it to E. A. Thorne & Company on credit, plaintiff entered its charges against Ellery A. Thorne, H. Ardel Lasure, W. Harvey Lasure and Alda G. Lasure, partners trading as E. A. Thorne & Company. This suit was instituted against the four named parties as partners. The justice dismissed H. Ardel Lasure from the case and no appeal from that action was taken. Thorne, also, was dismissed because in June, 1938, he had been adjudged a bankrupt. So, the defendants remaining when the case was called for trial in the circuit court at the September term, 1938, were W. Harvey Lasure and Alda G. Lasure.

The plaintiff's credit manager, W. M. Chorpening, testified that on July 31, 1937, Alda G. Lasure came to the plaintiff's place of business in the City of Clarksburg and

stated to him that she, W. Harvey Lasure and H. Ardel Lasure had then become associated with Thorne as partners in the Hepzibah store, and on the basis of such partnership desired to establish credit with the plaintiff; that because of that representation credit was then extended and goods sold to E. A. Thorne & Company. At the trial, Mrs. Lasure denied that she made such representation, but the jury disregarded her denial. With the jury's appraisal of the conflict between Chorpening and Mrs. Lasure this court should not interfere.

For purposes of this review, in the light of the jury verdict, we must accept Chorpening's version of what transpired between him and Mrs. Lasure. Consequently, we are of opinion that whether or not there was an actual partnership between Thorne and the three Lasures, a matter not proven by this record, Alda G. Lasure is estopped by her conduct and representations, as testified by Chorpening, from denying liability on the account in suit, because credit was extended July 31, 1937, on the basis of statements then made by her to the plaintiff's representative in charge of its credit matters.

Two witnesses, being credit men for certain other wholesale establishments at Clarksburg, testified that about the latter part of July, 1937, Alda G. Lasure represented to them that she and her husband had become associated with their son-in-law in the Hepzibah store of E. A. Thorne & Company, and that on the basis of her representations, and at her request, their respective principals extended credit. Also, the manager of a credit adjustment bureau testified that Mrs. Lasure made similar statements to him at about the same time.

The defendants in error urge that it was prejudicially erroneous for the trial court to admit in evidence the testimony of these three witnesses respecting alleged representations made to them by Mrs. Lasure, because the plaintiff had no knowledge thereof and obviously could not have been moved to act by something of which it did not know; and *non constat* but that the jury would not have found for the plaintiff under the conflict in the testi-

mony between Chorpening and Alda G. Lasure, had there not been admitted at the trial this allegedly improper testimony· of the witnesses mentioned; that this testimony was in violation of the *res inter alios acta* rule. This view we cannot accept because the inhibition against the introduction of testimony respecting transactions among others has exceptions which are as well grounded as the principle itself, and we are persuaded that within one of those exceptions the situation at bar must indubitably be placed. The jury was warranted in believing the testimony of these witnesses that Alda G. Lasure had told them of the same plan or arrangement of which the plaintiff's official testified that she had told him. Such testimony was clearly proper if it tended to show that the alleged representations by her to Chorpening were within a plan which she was pursuing, and, if the jury believed from that evidence that she had formulated such plan, there was all the more reason for believing Chorpening. "The law in civil cases, as well as in criminal cases, permits proof of acts other than the one charged which are so related in character, time, and place of commission as to tend to support the conclusion that they were part of a plan or system or as to tend to show the existence of such a plan or system." 20 Am. Jur., page 281. To the same effect: 1 Jones on Evidence (4th Ed.), sec. 142; 11 Encyclopedia of Evidence, p. 795. On this well recognized principle the challenged testimony respecting statements made by Mrs. Lasure to others was admissible, though the plaintiff's representatives did not know thereof at the time they extended credit to E. A. Thorne & Company.

On the basis of Mrs. Lasure's statements to Chorpening, as testified to by him, and whose testimony we must assume that the jury believed, we are impressed that Mrs. Lasure's liability is clear. "Where a person, by his conduct, conversation, admissions, or otherwise, allows himself to be held out as a member of a prospective firm, and thereby a third party is induced to credit such firm, such person, to the extent of liability thus incurred, is estopped

from denying the existence of such firm." *Moore* v. *Harper*, 42 W. Va. 39, 24 S. E. 633.

Plaintiff's instruction number one is erroneous in that it sets forth a wrong date (November 27, 1936) when the plaintiff began entering charges against the alleged partners for goods sold to E. A. Thorne & Company, but this error did not mislead the jury because there is no question that the verdict covers only the items of charge on and after July 31, 1937. Also, both that instruction and plaintiff's number two are phrased on the theory of an actual partnership, but cover also the proposition of the alleged holding out by W. Harvey Lasure and Alda G. Lasure that they were partners of Thorne, thereby obtaining from the plaintiff credit for E. A. Thorne & Company. This confusion, however, could not have operated prejudicially to Alda G. Lasure because, though there may have been no actual partnership, her liability is well grounded on estoppel.

Four instructions were tendered by the defendants. Numbers one and two were modified by the court and given to the jury, number three was given without modification and number four was refused. These instructions all relate to the matter of proving the existence of a partnership of E. A. Thorne & Company. The court's modifications of numbers one and two were merely for the purpose of informing the jury that they were concerned with the status of the defendants only so far as it affected the plaintiff in its dealings with E. A. Thorne & Company. This restriction or explanation was correct. Number four was properly refused because it was repetitious of matters covered by number three.

As to W. Harvey Lasure, we are of opinion that the trial court properly set aside the verdict. There is no evidence that this defendant held himself out as a partner in the E. A. Thorne & Company store, and on the basis thereof obtained credit for the alleged partnership. Even if his wife held him out as a partner he is not bound thereby, because the evidence does not show that he acquiesced therein or even had knowledge thereof. When Thorne

purchased the store in the fall of 1936 W. Harvey Lasure became surety for him on the purchase money notes, and some months later he likewise indorsed for Thorne in the purchase of a refrigerator to be used in the store, but, of course, these acts of Harvey, whereby he was trying to be of assistance to his son-in-law, do not establish a partnership interest.

For the reasons set forth, we affirm the judgment of the trial court respecting W. Harvey Lasure, but as to Alda G. Lasure we reverse the trial court's judgment, reinstate the verdict and enter here a judgment thereon against her.

*Affirmed in part; reversed in part; judgment rendered.*