REDEVELOPMENT COMMISSION OF HENDERSONVILLE v. MARGARET HENDRIX HYDER (WIDOW), CAROLYN R. HYDER (SINGLE), SARAH H. MARTIN & HUSBAND JAMES A. MARTIN; MARGARET FRANCES LONG & HUSBAND LEWIS O. LONG; JOHNNY P. HYDER (SINGLE), THOMAS S. HYDER & WIFE ELEANORE HYDER

No. 7329SC762

(Filed 19 December 1973)

1. **Attorney and Client § 7; Costs § 4— attorney fees as part of costs — statute**

    When a statute provides for attorney fees to be awarded as a part of the costs to be paid by the governmental authority which is appropriating the property, it is not a contingent fee, but an amount equal to the actual reasonable value of the attorney's services.

2. **Attorney and Client § 7; Costs § 4— reasonable attorney fees — factors**

    In fixing reasonable attorney fees to be taxed as part of the costs, the court should consider the kind of case, the value of the properties

in question, the complexity of the legal issues, the time and amount involved, fees customarily charged for similar services, the skill and experience of the attorney, the results obtained, and whether the fee is fixed or contingent.

**3. Attorney and Client § 7; Costs § 4— condemnation proceeding — reasonable attorney fees — use of contingent fee contract**

In this condemnation proceeding instituted by a redevelopment commission, the trial court erred in using contingent fee contracts between the landowners and their attorneys as the sole guide for determining reasonable counsel fees to be taxed as part of the costs to be paid by the redevelopment commission. G.S. 160-456(10)(h)(3).

APPEAL by petitioner from *Wood, Judge,* 28 May 1973 Session of Superior Court held in HENDERSON County.

This is a condemnation proceeding filed by the petitioner, Redevelopment Commission of Hendersonville, seeking to acquire lands of the respondents for redevelopment purposes. Commissioners were appointed by the Clerk of Superior Court of Henderson County to determine the value of the land to be taken. They filed their report on 29 July 1971 awarding compensation to the respondents of $32,000.00. This report was confirmed by the clerk, and respondents filed exceptions and notice of appeal to the superior court.

The case was tried before Judge B. T. Falls at the May, 1972, Term of the Superior Court of Henderson County upon the sole issue of the amount of just compensation to be awarded to respondents for the appropriation of their land and improvements. The attorney representing respondents in this trial was O. B. Crowell, Jr., of the firm of Crowell and Crowell, of Hendersonville. The jury returned a verdict of $61,750.00. Judge Falls, in his discretion, determined this amount to be excessive and entered an order setting aside the verdict and granting a new trial. There was no appeal from this order.

At the May, 1973, Term of the Superior Court of Henderson County with Judge William Z. Wood presiding, the case was again tried upon the single issue of just compensation. At this second trial respondents were represented by M. John DuBose, an attorney from Asheville, North Carolina, and their former attorney, O. B. Crowell, Jr., did not participate. The verdict returned by the jury in the second trial was $57,500.00. Prior to the entry of any judgment upon this verdict, Mr. Crowell filed a petition for an allowance of reasonable attorney

fees as provided by G.S. 160-456(10)(h)(3). The record does not disclose any hearing upon this petition but Judge Wood made the following findings of fact:

"The Court finds the following facts in the above entitled action:

"That this case was tried once before and at that time, Mr. O. B. Crowell, Jr., represented the respondents and that the Jury brought back in a verdict of $61,750.00, which verdict was set aside; that thereafter, Mr. Crowell was released without having been paid any Attorney fees by the respondents and that Mr. John DuBose was then employed by the respondents on a contract of 30% of the excess of $32,000.00, plus a retainer of $500.00; that Mr. Crowell was employed on a contract of 30% over the excess of $32,000.00; that the Court is of the opinion that one-third of the amount of the excess of $32,000.00 offered by the redevelopment Commission to the landowner prior to the employment of any Counsel, was a reasonable fee, plus interest:

"Therefore, the Court allows the following fees:

"$6,172.00 shall be paid to M. John DuBose in full settlement of his contract with the respondents, which the Court finds is fair and reasonable.

"$3,281.00 shall be paid to Crowell & Crowell in full settlement of their contract, which the Court finds as a fact that Crowell & Crowell rendered services as set forth in the Affidavit and that this sum is fair and reasonable.

"The Court finds that these Attorney fees are reasonable and are in keeping with that which is charged by the members of the North Carolina Bar Association in condemnation cases on a contingency basis, and notwithstanding any contingency fees, this amount is fair and reasonable.

"That the Court has never heard of a fee other than a contingent fee being charged in cases of this kind in the 21 years of law practice and that one-third of the excess recovered over what has been offered by the condemnor is a standard fee of Lawyers in North Carolina; that the exceptions to this standard fee are usually on the upper side, rather than on the lower side.

"The Court finds that the above fees, as allowed by this Court are, in all respects, fair, equitable and reasonable.

"This 24th day of May, 1973.

WILLIAM Z. WOOD
Judge Presiding"

The court entered judgment requiring petitioner to pay $57,500.00 with interest to respondents as compensation for the taking of their property. Based upon the findings of fact by the court, the judgment also awarded the attorneys for respondents the sum of $9,453.00 as attorney fees to be apportioned $6,170.00 to M. John DuBose and $3,281.00 to Crowell & Crowell, and the attorney fees were taxed as a part of the costs of the proceeding to be paid by the petitioner, Redevelopment Commission of Hendersonville. From that portion of the judgment relating to the attorney fees, petitioner has appealed to this Court.

*W. Harley Stepp, Jr., and Edwin R. Groce for petitioner appellant.*

*Crowell and Crowell, by O. B. Crowell, Jr., and M. John DuBose for respondent appellees.*

BALEY, Judge.

Petitioner, Redevelopment Commission of Hendersonville, takes the position that the attorney fees for property owners which were fixed by the court as a part of the costs in this case to be paid by the Commission are excessive and unreasonable. Petitioner contends that the findings of fact of the trial court are not supported by competent evidence and do not themselves justify the fees awarded.

In *Hicks v. Albertson,* 284 N.C. 236, 200 S.E. 2d 40, we have this succinct statement of the law with respect to the award of attorney fees:

" 'The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding.' *In re King,* 281 N.C. 533, 540, 189 S.E. 2d 158. 'Except as so provided by statute, attorneys' fees are not allowable.' *Baxter v. Jones,* 283 N.C. 327, 330, 196 S.E. 2d 193."

The statutory authority upon which the allowance of attorney fees in this case is based is G.S. 160-456(10)(h)(3), which provides as follows:

> "[I]f the power of eminent domain shall be exercised under the provisions of this Article, the property owner or owners or persons having an interest in property shall be entitled to be represented by counsel of their own selection and their reasonable counsel fees fixed by the court, taxed as a part of the costs and paid by the petitioners."

[1] Eminent domain is the power of the sovereign to take private property for a public purpose on payment of just compensation. *Redevelopment Commission v. Bank,* 252 N.C. 595, 114 S.E. 2d 688. The statute conferring this power upon Urban Redevelopment Commissions provides that the Commission pay counsel fees for the property owner when it is necessary to condemn his property. Such a provision grants more freedom to the property owner to contest condemnation proceedings as it permits him to receive the award for his property, even after legal action, without having it reduced by the payment of attorney fees. It helps to equalize the bargaining power of the property owner and the commission and prevent insofar as possible any undue economic pressures. There must be some control over the amount of the fee, however, and this is found in the requirement that such counsel fees are to be fixed by the court and are to be reasonable in amount. When a statute provides for attorney fees to be awarded as a part of the costs to be paid by the governmental authority which is appropriating the property, it is not a contingent fee, but an amount equal to the actual reasonable value of the attorney's services. *Dumas v. King,* 157 F. 2d 463 (8th Cir. 1946); *Henlopen Hotel Corp. v. Aetna Ins. Co.,* 251 F. Supp. 189 (D. Del. 1966); *Morton County Bd. of Park Comm'rs v. Wetsch,* 136 N.W. 2d 158 (N.D. 1965); *Merchants' Fire Ins. Co. v. McAdams,* 88 Ark. 550, 115 S.W. 175 (1908).

[2] Reasonable counsel fees may be determined in part by the amount of the verdict obtained in the condemnation proceeding in the light of the proposals made to the property owner prior to his employment of an attorney. The results obtained by an attorney are a legitimate consideration in determining the amount of his fee. Under G.S. 160-456(10)(h)(3), however, there is no uncertainty about the payment of an attorney fee commensurate with the services performed. The use by the

court in this case of the contingent fee as the sole guide for a determination of reasonable counsel fees when there is no possibility that the attorney fee may go unpaid does not meet the statutory standard. There are numerous factors for consideration in fixing reasonable attorney fees—the kind of case, the value of the properties in question, the complexity of the legal issues, the time and amount involved, fees customarily charged for similar services, the skill and experience of the attorney, the results obtained, whether the fee is fixed or contingent, all afford guidance in reaching the amount of a reasonable fee. *See* Canon 12, N. C. Canons of Professional Ethics (effective until 31 December 1973) and Disciplinary Rule 2-106 (B) of the North Carolina State Bar Code of Professional Responsibility (effective 1 January 1974) ; *Henlopen Hotel Corp. v. Aetna Ins. Co., supra; Morton County Bd. of Park Comm'rs v. Wetsch, supra;* Annot., 56 A.L.R. 2d 13, 20-50 (1957) ; Annot., 143 A.L.R. 672, 676-726 (1943).

[3]   In this case both the attorney at the first trial, O. B. Crowell, Jr., and the attorney at the second trial, M. John DuBose, had contingent fee contracts with the property owners which were based upon the amount received for the property to be taken in excess of the offer made by the Commission. These fee contracts were binding upon the parties who executed them but not upon the court which, under the statute, fixes the fees to be taxed against a third party, the Redevelopment Commission. Whatever liability the property owners may have to their attorneys under their respective fee contracts may be determined in other actions. Here the court is concerned with an allowance of an attorney fee authorized by statute. From the facts found by the court it seems clear that in fixing the attorney fees undue emphasis was placed upon the contingent fee factor without regard for other considerations when, in reality, there was no contingency involved. It is proper under the statute to consider the results obtained as one of the elements for guidance in reaching the amount of the attorney fee, but, whether there was any recovery or not, counsel for the property owner was entitled to a reasonable fee, and it should not be set upon the basis of a contingency which did not exist. The element of risk in connection with the contingent fee justifies a much larger fee when the litigation is successfully terminated, but here there was no such risk, and the court failed to take this lack of risk into account.

The provision of the judgment of the trial court relating to the award of attorney fees is reversed, and the cause is remanded for a determination of reasonable counsel fees.

Reversed and remanded.

Chief Judge BROCK and Judge CAMPBELL concur.