THE GASTONIA REDEVELOPMENT COMMISSION v. COXCO, INC., J. T. SANDERS, TRUSTEE, AND FIRST FEDERAL SAVINGS & LOAN ASSOCIATION

No. 7427SC227

(Filed 17 April 1974)

Attorney and Client § 7; Costs § 4— condemnation proceeding — reasonable attorney fee — factors

    In this condemnation proceeding instituted by Redevelopment Commission the award of attorney fee is reversed, and the cause is remanded for the allowance of a reasonable attorney fee based on the considerations outlined in *Redevelopment Commission v. Hyder,* 20 N.C. App. 241.

APPEAL by petitioner from *Friday, Judge,* 8 October 1973 Session of Superior Court held in GASTON County.

This appeal is from an award of an attorney fee in a condemnation proceeding brought by petitioner, the Gastonia Redevelopment Commission, under the Urban Redevelopment Law,

Article 22 of Chapter 160A of the General Statutes of North Carolina.

The facts were stipulated for the purpose of this appeal. In substance these facts disclose that commissioners appointed by the clerk of court of Gaston County assessed the damage to respondents for the taking of their property at $55,500.00. The report of the commissioners was confirmed by the clerk, and petitioner-Redevelopment Commission appealed to the superior court for trial upon the issue of damages.

The stipulation provided:

"10. The Appellee Respondents' attorney, Grady B. Stott, associated Henry M. Whitesides, Esquire, for purposes of the trial. Additional appraisal witnesses were retained by the Appellee Respondent and Messrs. Stott and Whitesides met with the witnesses and property owner approximately three times prior to trial for preparation and settlement purposes. Mr. Whitesides participated in all aspects of the trial.

"11. That the trial of the case on the issue of damages began at 9:30 a.m. October 10, 1973, and continued until 4:00 p.m., October 11, 1973. The jury deliberated until 5:00 p.m., October 11, 1973 and from 9:30 a.m., until 10:30 a.m. on October 12, 1973, when they returned the verdict."

The verdict of the jury granted respondents the sum of $40,125.00 as damages.

Judgment was entered upon the verdict awarding the respondents the sum of $40,125.00, plus interest, and directing respondents to refund the difference between the amount awarded and the $55,500.00 previously deposited by petitioner and disbursed upon court order to the respondents. The judgment also provided:

"3. That the Petitioner pay to the Respondents' attorney, Grady B. Stott for reasonable attorney's fees, the amount of $8,500.00."

From that portion of the judgment relating to the attorney fee, petitioner has appealed to this Court.

*Charles D. Gray III, for petitioner appellant.*

*Hollowell, Stott & Hollowell and Henry M. Whitesides, by Grady B. Stott, for respondent appellees.*

State v. Lee

BALEY, Judge.

The award of attorney fee in this case was prior to the decision in *Redevelopment Comm. v. Hyder,* 20 N.C. App. 241, 201 S.E. 2d 236, filed December 19, 1973, which interprets the identical statute here involved.

On this record the award of attorney fee is reversed, and the cause is remanded for the allowance of a reasonable attorney fee based upon the considerations outlined in *Redevelopment Comm. v. Hyder.*

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.