HOUSING AUTHORITY OF THE CITY OF ASHEVILLE, APPELLANT v. CARLOS F. PELAEZ, SR., UNMARRIED; OSWALD PELAEZ AND WIFE, POLLY ANN PELAEZ; CARLOS F. PELAEZ, JR., (ALSO KNOWN AS CHARLES F. PELAEZ), UNMARRIED; JESSIE LEE SURRENCY (FORMERLY JESSIE LEE PELAEZ), UNM.; THE HEIRS, DEVISEES, LEGAL REPRESENTATIVES OR ASSIGNEES OF JOHN C. PATTERSON, DECEASED, AND THE SPOUSE OF EACH, IF ANY; THE HEIRS, DEVISEES, LEGAL REPRESENTATIVES OR ASSIGNEES OF AMELIA GALLOWAY OVERTON, DECEASED, AND THE SPOUSE OF EACH, IF ANY; THE HEIRS, DEVISEES, LEGAL REPRESENTATIVES OR ASSIGNEES OF RICHARD BUXTON OVERTON, SR., DECEASED, AND THE SPOUSE OF EACH, IF ANY; ELEANOR SMALL OVERTON, WIDOW; RICHARD B. OVERTON, JR., AND WIFE, CAROLYN OVERTON; NANCY OVERTON RICE AND HUSBAND, GUY RICE; STATE OF N. C., DEPT. OF REVENUE; ALL OTHER PERSONS, FIRMS OR CORPORATIONS WHO NOW HAVE OR CLAIM OR WHO MAY HEREAFTER CLAIM ANY RIGHT, TITLE, INTEREST OR ESTATE IN AND TO THE PROPERTY DESCRIBED IN EXHIBIT "B" OF THE PETITION FOR CONDEMNATION FILED IN THIS PROCEEDING, WHETHER SANE OR INSANE, ADULT OR MINOR, *in esse* OR NOT *in esse* OR *en ventre sa mere*, RESIDENT OR NON-RESIDENT OF THE STATE OF N. C., LIVE CORP. OR DISSOLVED CORP., APPELLEES

No. 7428SC779

(Filed 20 November 1974)

**Attorney and Client § 7— attorney fee in condemnation proceeding — reasonableness — sufficiency of findings**

Trial court's conclusion that $1900 was a reasonable fee for respondent's attorneys was not based on findings of fact supported by competent evidence.

APPEAL by petitioner from *McLean, Judge,* 24 June 1974 Session of Superior Court held in BUNCOMBE County. Heard in the Court of Appeals on 17 October 1974.

This is an appeal from an order awarding counsel fees, to be taxed as part of the costs, for the attorneys for Jessie Lee Surrency, one of the respondents in a condemnation proceeding

filed by the petitioner, Housing Authority of the City of Asheville.

A substantial number of the parties respondent filed answer to the petition, including respondent Surrency. Commissioners were appointed by the Clerk of Superior Court of Buncombe County to determine the value of the land to be taken and the commissioners filed a report awarding compensation to the respondents in the sum of $42,000.00. Petitioner deposited this sum, plus interest, with the clerk of superior court, and the clerk signed and filed an order vesting the petitioner with fee simple title to and possession of the real estate in question. Thereafter, the clerk signed and filed a judgment confirming the report and award of the commissioners. No exceptions to the report of the commissioners of appraisal were filed by any of the parties respondent, and no appeal from the confirmation of such report of the commissioners was taken by any of the parties respondent. The clerk of superior court transferred the cause to the superior court in order to determine which of the parties respondent was entitled to the money deposited by the petitioner. On 27 June 1974, Judge McLean, sitting without a jury, determined the rights of the various respondents to the money.

Cecil C. Jackson, Jr. represented respondent Surrency throughout all of the proceedings. At the conclusion of the hearing on the issue of withdrawal of the deposited money, upon the motion and affidavit of Cecil C. Jackson, Jr. and upon hearing the arguments of counsel, the court entered and filed an order allowing the sum of $1,900.00 to Narvel J. Crawford and Cecil C. Jackson, Jr. as counsel fees for their representation of respondent Surrency. The order, entered on 27 June 1974, reads in pertinent part as follows:

"[A]nd it appearing to the Court that Narvel J. Crawford and Cecil C. Jackson, Jr. represented and appeared in behalf of the respondent, Jessie Lee Surrency, in all of the nine Special Proceedings, and that they have not received any compensation from the said respondent, and did not agree inasmuch as the petitioner is taxed with the costs of the attorneys [sic] fees for the said respondent; and that said attorneys have done many legal services and performed extensive work in all of the above nine Special Proceedings on behalf of Jessie Lee Surrency.

WHEREFORE, it is hereby ORDERED, ADJUDGED and DE-CREED that Narvel J. Crawford and Cecil C. Jackson, Jr. be allowed the sum of $1900.00 as attorneys [sic] fees in the above captioned nine Special Proceedings, and that this total amount of attorneys [sic] fees is taxed as the costs in the above action." ·

Petitioner appealed.

*Redmond, Stevens, Loftin & Currie, P.A., by Walter L. Currie and Anthony Redmond for petitioner appellant.*

*Cecil C. Jackson, Jr. for respondent appellee.* .

HEDRICK, Judge.

The only issue before us on this appeal is whether the court erred in fixing counsel fees in the amount of $1900.00 to be taxed as part of the costs and paid by petitioner to attorneys Narvel J. Crawford and Cecil C. Jackson, Jr. for their representation of respondent Surrency.

The statutory authority upon which the allowance of attorney fees in this case is based is G.S. 160A-503(2), which pro-vides as follows:

"[I]f the power of eminent domain shall be exercised under the provisions of this Article, the property owner or owners or persons having an interest in property shall be entitled to be represented by counsel of their own selection and their *reasonable* counsel fees fixed by the court, taxed as a part of the costs and paid by the petitioners." (Emphasis ours.)

When a statute provides for attorney fees to be awarded as a part of the costs to be paid by the governmental authority which is appropriating the property, it is to be an amount equal to the actual reasonable value of the attorney's services. *Redevelopment Comm. v. Hyder,* 20 N.C. App. 241, 201 S.E. 2d 236 (1973). In *Redevelopment Comm. v. Hyder, supra* at 246, Judge Baley enumerated the factors to be considered by the court in fixing reasonable attorney fees as follows: "—the kind of case, the value of the properties in question, the complexity of the legal issues, the time and amount involved, fees customarily charged for similar services, the skill and experience of the attorney, [and] the results obtained . . . . "

Petitioner contends that the order appealed from does not contain findings of fact based on competent evidence sufficient to support the court's conclusion that $1900.00 was a reasonable fee for respondent's attorneys in this proceeding. We agree. When this case was argued in this court, counsel for respondent conceded that his affidavit filed in support of the motion was not correct in stating "that it was necessary for her [Jessie Lee Surrency] to defend herself by her attorneys, the undersigned petitioners [Cecil C. Jackson, Jr. and Narvel J. Crawford], pending the outcome of actions involving all eight of the above-mentioned proceedings [and] [t]hat it was necessary for the said respondent, Jessie Lee Surrency, to file appropriate response in the above eight parcels of property." Mr. Jackson further conceded that the finding in the court's order "that said attorneys have done many legal services and performed extensive work in all of the above nine Special Proceedings on behalf of Jessie Lee Surrency" was also incorrect. The record before us clearly shows that only one proceeding was involved in the motion to have the counsel fees fixed by the court. Suffice it to say, therefore, a material fact found by Judge McLean is not supported by competent evidence. Furthermore, neither the record nor the findings of fact support the conclusion that $1900.00 is a reasonable fee to be taxed as a part of the costs and paid by petitioner to the attorneys representing respondent Jessie Lee Surrency. *Redevelopment Comm. v. Hyder, supra.*

The order is vacated, and the proceeding is remanded to the superior court for a new hearing in accordance with this opinion.

Vacated and remanded.

Judges MORRIS and BALEY concur.