BILLY L. BANDY, SR. AND WIFE, NINA B. BANDY v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, DURHAM LIFE INSURANCE COMPANY AND T. A. UPCHURCH, TRUSTEE

No. 8426SC495

(Filed 5 February 1985)

1. **Attorneys at Law § 7.3— inverse condemnation—attorney fees allowable**

   Former G.S. 160A-243.1 allowed for attorney fees and costs in common law inverse condemnation suits.

2. **Attorneys at Law § 7.3— inverse condemnation—attorney fees—contingent contract not controlling**

   Plaintiffs in an inverse condemnation proceeding were entitled to attorney fees and costs pursuant to G.S. 160A-243.1 in an amount determined by the court in its discretion to be the actual reasonable value of the attorneys' services, and plaintiffs were not limited to an amount provided in their contingent fee contract with their attorney.

APPEAL by plaintiffs and defendant City of Charlotte from *Gaines, Judge.* Judgment entered 21 December 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1985.

This is an appeal from an award of attorney fees and costs in plaintiffs' suit against defendant City (defendant) for inverse condemnation. Defendant appeals from the portion of the judgment granting plaintiffs attorney fees, costs, and expenses under former G.S. 160A-243.1. Plaintiffs appeal from the portion of the judgment limiting the amount of attorney fees to those provided in plaintiffs' contingent fee contract.

*Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, P.A., by T. LaFontine Odom and L. Holmes Eleazer, Jr., for plaintiffs.*

*Underwood, Kinsey & Northey, P.A., by William E. Underwood, Jr., and C. Ralph Kinsey, Jr., for defendant.*

WHICHARD, Judge.

This appeal arises out of a jury verdict for plaintiffs on their claim of inverse condemnation due to defendant's taking of an avigation easement over and in their property. Plaintiffs' case was the first tried of approximately 250 separate inverse condemnation suits arising out of the operation of the north/south runway at defendant's airport. Plaintiffs were awarded $13,750 as the diminution in market value of their home due to aircraft noise and low and frequent flights of jet aircraft.

Plaintiffs had a contingent fee contract with their attorney for an amount equal to thirty per cent of the judgment plus thirty per cent of the interest paid on the judgment. The court found that "[t]he cost to [plaintiffs] to pursue their claim against the City through trial was greatly in excess of [their] financial means . . . ." The court further found that

[t]he reasonable value of plaintiffs' counsel's legal services in the opinion of the court based upon the observations of the [c]ourt during trial and upon the materials presented at the hearing on the petition for fees after the trial is $35,000.00, and that this greatly exceeds the fee contracted for in the contingency fee arrangement.

G.S. 160A-243.1 provides that in an action against a city seeking compensation for the taking of property where judgment is for plaintiff, "the court shall award to the plaintiff as a part of the judgment a sum that, in the opinion of the court, will reimburse the plaintiff for his reasonable costs, disbursements and expenses (including reasonable attorney, appraisal, and engineering fees) incurred because of the action." Although G.S. 160A-243.1 was repealed effective 1 January 1982, *see* 1981 N.C. Sess. Laws, ch. 919, sec. 28, the court concluded that G.S. 40A-1 provided a savings clause for proceedings pending prior to 1 January 1982. G.S. 40A-1 states,

> It is the intent of the General Assembly that the procedures provided by this Chapter shall be the exclusive condemnation procedures to be used in this state by all private condemnors and all local public condemnors. All other provisions . . . are hereby repealed effective January 1, 1982. Provided, that any condemnation proceeding initiated prior to January 1, 1982, may be lawfully completed pursuant to the provisions previously existing.

Since plaintiffs filed their claim on 15 June 1981, the court concluded that a grant of attorney fees and costs could be awarded "pursuant to the provisions previously existing" in G.S. 160A-243.1.

The court apparently interpreted the "incurred" language of G.S. 160A-243.1 to mean those amounts which plaintiffs were legally obligated to pay under their contingent fee contract. While it awarded surveyor fees in excess of $300, appraiser fees in excess of $5,000, engineering fees in excess of $7,000, and other reasonable costs in excess of $3,000, the court limited its award of attorney fees to $4,125, the contingent amount. Although this amount is substantially less than the court's factual finding as to the reasonable value of plaintiffs' counsel's services, *supra*, the court as a matter of law "deem[ed] . . . such fee to be reasonable in amount."

The issues raised are whether plaintiffs are entitled to attorney fees and costs pursuant to G.S. 160A-243.1 and, if so, whether the court may award a reasonable fee in excess of that contracted for by plaintiffs and their counsel. We affirm the trial court on the first issue and reverse on the second.

[1] Defendant contends that the savings provision of G.S. 40A-1 applies only to proceedings initiated by municipalities, not to inverse condemnation proceedings. Defendant reasons that the "provisions previously existing" to which the statute refers are those sections of Ch. 160A repealed by Ch. 40A. In this reasoning defendant is correct. Defendant further argues, however, that the provisions of Ch. 160A authorize only condemnations by the City in the exercise of its power of eminent domain and not inverse condemnation suits brought by landowners. In *Long v. City of Charlotte*, 306 N.C. 187, 293 S.E. 2d 101 (1982), the Supreme Court held otherwise. It stated:

Chapter 160A clearly contemplates landowner recourse to a common law inverse condemnation action where there has been an uncompensated taking by a municipality and even provides for payment by the City of the costs of a successful landowner's action. G.S. Sec. 160A-243.1.

*Id.* at 211, 293 S.E. 2d at 116. *Long* involved one set of plaintiffs in the 250 inverse condemnation suits filed against defendant. The Court there noted that the resolution of the legal questions before it would govern the individual trials of the numerous cases already pending. *Id.* at 188-89 n. 1, 293 S.E. 2d at 103 n. 1. As plaintiffs' case is one of these, and as *Long* clearly establishes the statutory authority for attorney fees and costs in common law inverse condemnation suits under G.S. 160A-243.1, defendant's contention is without merit.

[2] Defendant also contends that G.S. 160A-243.1 allows the court no discretion to award attorney fees in excess of the contingent amount. Defendant urges us to construe the terms "incurred" and "reimburse" to mean an amount no greater than that which plaintiffs are obligated to pay under their contingent fee contract.

According to defendant, where there is a contingent fee agreement the court must first determine what amount is due under the agreement. These are the expenses "incurred." Then the court must determine if the amount due, *i.e.*, contracted for, is reasonable. If the contingent amount is unreasonably high, the court may reduce the award; if the contingent amount is unreasonably low, the court can do nothing because any increase is beyond what plaintiffs owe on their contract. Defendant thus does not suggest that the trial court is bound by the contingent fee contract, but only that the contract establishes the upper limit for the court's award.

Defendant therefore impliedly recognizes the thrust of recent decisions which hold that when attorney fees are awarded under condemnation statutes, the courts cannot simply award contingent fees but must award reasonable fees. The first case to set forth this principle was *Redevelopment Comm. v. Hyder*, 20 N.C. App. 241, 201 S.E. 2d 236 (1973). In that case, attorneys for the property owners contracted to be paid a contingent fee of thirty per cent. The statute which authorized the attorney fees provided

for "reasonable counsel fees fixed by the court." G.S. 160-456(10)
(h)(3). The Court stated,

> When a statute provides for attorney fees to be awarded as a
> part of the costs to be paid by the governmental authority
> which is appropriating the property, it is not a contingent
> fee, but an amount equal to the actual reasonable value of the
> attorney's services. (Citations omitted.) . . . There are
> numerous factors for consideration in fixing reasonable at-
> torney fees—the kind of case, the value of the properties in
> question, the complexity of the legal issues, the time and
> amount involved, fees customarily charged for similar serv-
> ices, the skill and experience of the attorney, the results ob-
> tained, whether the fee is fixed or contingent, all afford
> guidance in reaching the amount of a reasonable fee.

*Hyder*, 20 N.C. App. at 245-46, 201 S.E. 2d at 239. As defendant
admits and as *Hyder* makes clear, contingent fee agreements can-
not be binding on the court if they are at variance with the rea-
sonable value guide: "These fee contracts [are] binding upon the
parties who executed them but not upon the court which, under
the statute, fixes the fees to be taxed against a third party." *Id.*
at 246, 201 S.E. 2d at 239.

Further, *Hyder* does not limit the court solely to a reduction
of the contingent fee to a reasonable amount. The *Hyder* court, *id.*
at 245, 201 S.E. 2d at 239, cites cases in which courts of other
jurisdictions have allowed reasonable statutory attorney fees that
are larger than the normal contingent fee. *See, e.g., Dumas v.
King*, 157 F. 2d 463, 466 (8th Cir. 1946) (court said statute did not
contemplate contingent fee, but a reasonable fee; appellate court
will interfere where allowance "clearly excessive *or insufficient*");
*Henlopen Hotel Corp. v. Aetna Ins. Co.*, 251 F. Supp. 189, 193 (D.
Del. 1966); *Morton County Bd. of Park Comm'rs v. Wetsch*, 136
N.W. 2d 158, 159-60 (N.D. 1965) ("the fee . . . determine[d] to be
the reasonable fee . . . may be less than the [contingent fee], and
. . . it may be more than such fee would amount to").

Subsequent decisions have followed the holding and rationale
of *Hyder*. In *Redevelopment Comm. v. Weatherman*, 23 N.C.
App. 136, 141-42, 208 S.E. 2d 412, 415-16 (1974), a condemnation
proceeding, this Court vacated an order fixing counsel fees at
a contingent fee amount and remanded for a determination of

reasonable counsel fees. In *Cody v. Dept. of Transportation*, 60 N.C. App. 724, 300 S.E. 2d 25 (1983), an action for inverse condemnation, this Court considered an attorney fee statute—G.S. 136-119—which, like G.S. 160A-243.1 here, provides for reimbursement of expenses actually incurred. The Court found the amount awarded by the trial court to be "fair, just, and reasonable under all the circumstances of the case." *Cody*, 60 N.C. App. at 728, 300 S.E. 2d at 28. The *Cody* court cited *Hyder* for the premise that an award of statutory attorney fees should equal "the actual reasonable value of the attorney services," not a contingent fee amount. *Id.*, 300 S.E. 2d at 29.

We see no reason to distinguish this case from others this Court has considered. When the legislature authorizes the courts to reimburse plaintiffs for fees incurred in inverse condemnation proceedings, we believe its intent is to allow reasonable fees, *see Hyder*, 20 N.C. App. at 246, 201 S.E. 2d at 239, based on work actually done, despite the contractual arrangement of plaintiffs and their counsel. The purpose is to permit the owner "to receive the award for his property, even after legal action, without having it reduced by the payment of attorney fees." *Id.* at 245, 201 S.E. 2d at 239. The statute thus sets the policy of the state for the court to award reasonable attorney fees.

We therefore hold that plaintiffs are entitled to attorney fees and costs pursuant to G.S. 160A-243.1 in an amount determined by the court in its discretion to be the actual reasonable value of the attorneys' services. The portion of the judgment limiting the attorney fees to those provided in the contingent fee contract is thus reversed, and the cause is remanded for the awarding of a reasonable fee.

Affirmed in part, reversed in part, and remanded.

Chief Judge HEDRICK and Judge PARKER concur.