The hearing Deputy concluded that defendant's witnesses deliberately concocted a false story of a non-work related injury, and that assessment of attorney's fees per N.C.G.S. § 97-88.1 was appropriate. Plaintiff's counsel had a contingency fee agreement for one-third (1/3) of any recovery, which the Deputy Commissioner found to be reasonable per N.C.G.S. § 97-90(c) (see Finding of Fact 31), and — as the Full Commission understood his Order — he ordered defendants to pay a sum equal to that amount directly to plaintiff's counsel, in addition to compensation awarded, per N.C.G.S. § 97-88.1. Defendant appealed to the Full Commission the Deputy Commissioner's credibility determination, rejection of a § 97-22 defense, and the imposition of the attorney fee, but pursued only the last of these grounds in their brief and argument. It was argued that "there was no evidence . . . as to precisely whose decision it was to defend plaintiff's claim" and that the behavior of defendant's employee/witnesses at hearing should not be imputed to it, and that the phrase in § 97-88.1 authorizing the Commission to tax "the whole cost of the proceedings including reasonable fees" limited the basis for calculating a contingency fee awarded under this section to benefits accruing prior to the initial Award. The Full Commission adopted the hearing Deputy's decision.
The attorney fee provisions of the Award specified a dollar amount equal to one-third (1/3) of the accrued benefits, and, "In addition, and without diminution of the Award to the plaintiff above, defendant shall pay to Attorney Harris every third week the sum of $235.12, as a reasonable attorney's fee." Read literally and in isolation, this quoted portion of the Order put no limitation on the length of time the payments were required, nor related it to the compensation awarded. Thus the Court stated that "there was no duration set in the Commission's order for this tri-weekly award (although it apparently was calculated as 1/3 of plaintiff's $235.12 weekly disability compensation payable `while plaintiff's total disability continues.'). Because this second-tier award of `future' attorneys' fees is indefinite, we cannot discern if the total fees awarded bear a relationship to the value of the legal services rendered." Consequently the Court struck "the award of attorneys' fees in its entirety and remand[ed] for determination of a reasonable fee.' We further caution that the better practice in awarding fees under G.S. § 97-88.1 is to value the legal services rendered and then assess a single fee representing that appraisal. See Epps v. Ewers,
90 N.C. App. [597] at 600, 369 S.E.2d [104] at 105."
As noted, we believe the Court's supposition was correct, and that the fee award bore a very direct, precise, and conventional relationship to "the results achieved", i.e., one third (1/3) of the cash benefits awarded. It was the considered opinion of the Commission and the Deputy Commissioner that it was reasonable to shift the reasonable attorney fee due from plaintiff to his counsel (per N.C.G.S. § 97-90(c)) to the defendant. The remand — and specifically the admonition in its last sentence — raises the question whether the Court considers the award of a contingency fee pursuant to N.C.G.S. § 97-88.1 to be inherently unreasonable or unreasonable as a matter of law. Since, unlike court judgments, the compensation claimants' entitlement to benefits will vary according to their actual condition and ability to earn wages in the future (see, e.g., N.C.G.S. §§ 97-29 and 97-47), that would prohibit the Commission, in most cases, from fully taking into account the results achieved, the contingent nature of the fee contract, and the policy reasons for awarding fees under N.C.G.S. § 97-88.1. Consequently, we believe the Court did not mandate that we determine a precise dollar amount.
In Epps, a motor vehicle negligence case, the trial court awarded an attorney fee pursuant to N.C.G.S. § 6-21.1, which authorizes such in personal injury or property damage judgments when there is an unwarranted refusal by a defendant insurance company to pay the claim and damages of $10,000 or less are awarded. The Court there stated, in pertinent part:
 At a minimum . . . the amount of the award must be supported by some findings as to the quality and quantity of services rendered by plaintiff's counsel. Id. ["Hill v. Jones, 26 N.C. App. 168, 170, 215 S.E.2d 168, 170, cert. denied, 288 N.C. 240, 217 S.E.2d 664 (1975)"]; see also Morris v. Bailey, 86 N.C. App. 378, 387, 358 S.E.2d 120, 125-26 (1987) (attorney's fees pursuant to G.S. 75-1
6.1).
 In this case, the only findings of fact in support of the amount of the award are that plaintiff's attorney "provided good and valuable services"; that the reasonable value of the services provided by plaintiff's attorney is $2,000.00; and that plaintiff's fee contract with her attorney provided for a contingent fee of one-third of the damage award. We agree with defendant that these findings are not sufficient to support the award.
 Except for the finding as to the fee contract, the trial court's findings are conclusory and clearly inadequate to support the award. The trial court may properly consider the customary fee for similar work and whether the fee is fixed or contingent when determining the amount of a statutory award of attorney's fees. Redevelopment Comm. v. Hyder, 20 N.C. App. 241, 245-46, 201 S.E.2d 236, 239 (1973). This Court has twice held, however, that a contingent fee contract does not control the trial court's determination and, when a statute provides for a "reasonable" fee, the amount of the fee should be based upon the actual work performed by the attorney. Bandy v. City of Charlotte, 72 N.C. App. 604, 608-09, 325 S.E.2d 17, 21-21, disc. rev. denied, 313 N.C. 596, 330 S.E.2d 605 (1985); Redevelopment Comm. v. Hyder supra.
 The trial court in this case made no findings regarding the actual work performed by plaintiff's attorney. Accordingly, the award of attorney's fees is vacated and the case remanded for finding of fact to determine reasonable attorney's fees.
At 600. Hyder and Brandy were both eminent domain cases, wherein plaintiff's attorney's fees are assessed without any finding of fault. In Hyder, the Court held that, "The use by the Court in this case of the contingency fee as the sole guide for a determination of a reasonable counsel fee when there is no possibility that the attorney fee may go unpaid does not meet the statutory standard" — even though "these fee contracts were binding upon the parties who executed them". At 245-46. InBandy, the Court rejected the defendants argument that plaintiff's contingent fee contract set the upper (but not lower) limit on the Court's discretion to set a fee, and upheld the award of a greater fee than the contract specified.
In short, these cases stand for the proposition that when setting attorneys' fees, all of the conventional criteria for valuing an attorney's services should be considered, and the contingency fee contract should not alone control. Those criteria — "the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services" have long been utilized by the Commission in carrying out its duty to determine the reasonableness of charges per N.C.G.S. § 97-90(c), and they have now been codified in that subsection by the Workers' Compensation Reform Act of 1994. Rawlings v. Causby Construction Co., I.C. No. 622327, 2 November 1989; Church v. Baxter Travenol Laboratories,
I. C. No. 808478, 26 July 1990, aff'd, 104 N.C. App. 411,409 S.E.2d 715 (1991); Hyder, at 245-46; Brandy, at 608.
The Commission's interpretation of the Workers' Compensation Act should also be consonant, in application, with its underlying policies. See, e.g., Foster v. Western-Electric Co., 320 N.C. 1
3, 117, 357 S.E.2d 670 (1987). Attorneys fees may be taxed as costs only as specified by a statute. In Re King, 281 N.C. 533,540, 189 S.E.2d 558 (1972); Bowman v. Comfort Chair Co., 271 N.C. 702,704 (1967). Such statutes tend to address economic disparities between parties and "equalize the bargaining power . . . and prevent insofar as possible any undue economic pressures", even when the protected class of litigants, by definition, have property. See Hyder, at 245. The economic disparity between injured workers, and employers and their carriers is an important subtext of the Workers' Compensation Act. As Judge (now Justice) Whitchard observed shortly after the enactment of N.C.G.S. § 97-88.1, "Its evident purpose is to deter stubborn, unfounded litigiousness, which is inharmonious with `[t]he primary consideration [of the Workers' Compensation Act, viz.,] . . . compensation for injured employees'." Sparks v. Mountain BreezeRestaurant Fish House, Inc., 55 N.C. App. 663, 664,286 S.E.2d 575 (1982).
In addition to the relatively narrow grounds for awarding counsel fees against an opposing party referenced above, the Commission is charged with reviewing for reasonableness and approving all fees paid by plaintiffs to their counsel. N.C.G.S. § 97-90(c). Virtually all contracts for attorney services in compensation cases are contingency fee agreements, which have been accepted as appropriate and necessary to provide financially stressed claimants with necessary representation. See, e.g.,Church v. Baxter Travenol Laboratories, 104 N.C. App. 411, 416-17,409 S.E.2d 715 (1991). "The element of risk in connection with the contingency fee justifies a much larger fee when the litigation is successfully terminated. . . ." Hyder, at 246. Defendants did not appeal, and the Court did not question, the Deputy Commissioner's finding that plaintiff's contingency fee contract for 1/3 of the recovery was reasonable.
In light of the other pertinent factors, the degree of divergence in the parties' opinions reflecting on the "the customary fee for similar services" (i.e., $175 — $250, versusaverages of $125 — $182 based on firm size) is not significant enough to affect our resolution of the question. Consequently, the Commission declines to set the evidentiary hearing requested by the defendants to address that issue.
While it is not clear that the same objections were raised, the Court of Appeals recently upheld an award equal to 25% of future benefits for plaintiff's counsel pursuant to N.C.G.S. § 97-88.1. White v. Simpson, Inc., 121 N.C. App. 48,464 S.E.2d 481 (1995).
In light of the foregoing, the findings and conclusions in the Commission's original opinion affirmed by the Court of Appeals, and the following additional findings of fact based on the record, defendant's discovery answers, and the affidavit submitted by the plaintiff, the Commission concludes that it is reasonable for the defendants to pay pursuant to N.C.G.S. § 97-88.1
all of that fee which the plaintiff would otherwise reasonably be bound to pay pursuant to his contract and § 97-90(c).
In a motion dated January 27, 1995, plaintiff's counsel also seeks a ruling from the Commission on the constitutionality of N.C.G.S. § 97-86.2. As the Commission has previously held, in the exercise of its administrative jurisdiction over workers' compensation matters, and as an administrative body within the executive branch of government, the Commission does not have the authority to find that enactments of the Legislature are unconstitutional. Battle v. New Southern of Rocky Mount, I.C. No. 716256, 16 February 1995; Utilities Commission v. CarolinaUtility Customer's Association, Inc., 336 N.C. 657, 674,446 S.E.2d 332 (1994); Cox v. Kinston, 217 N.C. 391, 395, 6 S.E.2d 252
(1940); but see Heavner v. Town of Lincolnton, 2 I.C. 213 (1931),aff'd, 202 N.C. 400, 162 S.E. 909 (1932), appeal dismissed,287 U.S. 672, 53 S.Ct. 4, 77 L.Ed. 579 (1932); N.C.G.S. § 97-91. (Presumably it has the same duties as other trial courts when "constituted a court for the purpose of hearing and passing upon tort claims" per the State Tort Claims Act, N.C.G.S. § 143-291, etseq. Oxendine v. N.C. Dept. of Correction, I.C. No. TA-12513, 16 December 1992.) If the Commissioners feel strongly that a statute is unconstitutional and that it would clearly offend their oath to apply it, or that applying it would cause irreparable prejudice, or that the question would not otherwise be reviewed in the courts, etc., the Commission "may certify questions of law to the Court of Appeals for decision and determination", which would "operate [as] a supersedeas except as provided in G.S. 97-86.1." N.C.G.S. § 97-86. The section of which plaintiff complains, which was last amended in 1987, can be brought to the Courts' attention for review without that extraordinary procedure.
Consequently, the Full Commission AMENDS its Opinion and Award of April 15, 1992 by the addition of the following
FINDINGS OF FACT
1. Plaintiff's counsel was admitted to the Bar of North Carolina on August 17, 1967, and has been continuously engaged in the practice of law in Charlotte, North Carolina since January 1968, devoting a substantial portion of his practice to the representation of claimants in workers' compensation cases.
2. That attorneys customarily represent compensation claimants for contingency fees. Plaintiff and his counsel entered into a contract for legal services on April 25, 1989 providing that if, and only if, a recovery was had in this claim, counsel would receive 1/3 (33 1/3%) of the recovery as his fee. Plaintiff agreed and entered into this contract after being advised that the normal fee in contested compensation cases was 25%. At the time of the contract, plaintiff's claim had been denied by the defendants, and he had been referred to Mr. Harris after other compensation counsel had declined to represent him. At the time the contract was entered into, the plaintiff was advised that, in the alternative, Mr. Harris would undertake his representation in return for concurrent payment of $125.00 an hour, and by the date the hearing record before the Deputy Commissioner was closed, Mr. Harris' customary hourly rate was $200.00 per hour.
3. That in undertaking to represent plaintiff in this case for a contingent fee, plaintiff's counsel was in fact at very substantial risk of not receiving any fee, particularly due to the elaborate and plausible story of non-work related injury professed by three of his supervisors, but ultimately rejected by the hearing Deputy.
4. That, as found as a fact by the Deputy Commissioner, in the course of representing the claimant, plaintiff's counsel participated in "a lengthy hearing and four depositions; assisted in the preparation of an unusually thorough stipulation of facts and accompanying exhibits, and wrote a persuasive brief"; and was "diligent in locating and arranging for the testimony of Ms. Holloway" which, as the Deputy Commissioner stated, was "crucial" to the key credibility determination in the case.
5. Plaintiff's counsel expended 66 hours in investigation, preparation and representation of the plaintiff prior to the Deputy Commissioner's decision, and almost 100 hours more since in defending the award in appeals before the Commission and the Court of Appeals. Plaintiff's counsel could reasonably anticipate at the time the contingency fee contract was made that he would be obliged to litigate one or more appeals without additional fees if he were successful in proving the defendants' liability, in light of the large amount in controversy. Portions of time and billing records maintained by defense counsel and submitted to the undersigned are consistent with plaintiff's counsel's affidavit in this regard, in light of the contrasting roles typically played by claimants' and defense attorneys in compensation cases.
6. That it is the law of the case, and in fact, plaintiff's contract to pay his counsel 1/3 of the cash or indemnity compensation received as a result of the subject award of the Commission is fair and reasonable within the meaning of N.C.G.S. § 97-90(c). Said sums are those weekly payments of plaintiff's compensation, at the rate of $235.12, accruing between January 12, 1989 and thereafter through at least October 25, 1994 (the date of defendants' most recent answers to interrogatories), and subsequent payments until his disability ceases.
7. Defendants paid plaintiff $22,107.51 on March 18, 1992, representing temporary total disability compensation through the period January 12, 1989 through March 20, 1992. Thereafter, plaintiff was paid $235.11 per week at the request of plaintiff's counsel, and in accordance with the attorney fee contract approved by the Commission, defendants have paid plaintiff $156.74 weekly and his attorney $78.37 weekly since September 24, 1994.
* * * * * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following
CONCLUSION OF LAW
In light of the nature of plaintiff's counsel's services, his skill and experience, the time expended, the delay in receiving payment for his services, the amount in controversy, and particularly the results achieved and the contingent nature of the fee, said fee, as heretofore described, is fair, appropriate and reasonable within the meaning of N.C.G.S. § 97-88.1. Plaintiff is entitled to interest on benefits accrued and delayed or diverted for his attorney's fee. N.C.G.S. § 97-86.2.
* * * * * * * * * * * * * * * * * * * * *
Based on foregoing findings of fact and conclusion of law, the Full Commission enters the following
ORDER
Defendants shall pay to plaintiff's counsel of record a reasonable attorneys fee equal to 1/3 of cash or indemnity compensation payable pursuant to N.C.G.S. § 97-29 for periods of disability resulting from the subject compensable injury, without diminution of benefits paid to plaintiff, less credit for portions of said fee heretofore paid, by paying counsel $235.12 for and during every third week of said periods. Any of said sums accrued but unpaid shall be paid in lump sum. Benefits due plaintiff withheld or diverted for payment of his attorney's fee during the pendency of appeals in this matter shall be paid to plaintiff in lump sum, with interest at the judgment rate, without deduction from said interest for an attorneys' fee. N.C.G.S. §§ 97-29, 97-88.1, and 97-86.2.
The defendants shall pay the costs.
 S/ ______________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________ THOMAS J. BOLCH COMMISSIONER
JRW:md 3/16/95, 6/21/96