SAM LEDFORD AND WIFE, MAGGIE R. LEDFORD v. NORTH CAROLINA STATE HIGHWAY COMMISSION

No. 98

(Filed 10 June 1971)

1. Eminent Domain § 2— obstruction of access to highway

An owner whose access to a public road is a right-of-way over adjoining property is entitled to just compensation when the State deprives him of this easement.

2. Eminent Domain § 13— landowner's action for compensation — statute of limitations

Although a property owner is always entitled to just compensation when his land is taken for public use, he must pursue the prescribed remedy within the time specified.

3. Eminent Domain §§ 2, 13— erection of fence across right-of-way — taking of property — action for compensation — statute of limitations

A taking of plaintiffs' property occurred when the Highway Commission erected a permanent fence obstructing their right-of-way across adjoining property which gave them access to a public road, not at the time plaintiffs first sought to use the easement and were prevented from doing so by the fence; consequently, the two-year statute of limitations for instituting an action under G.S. 136-111 to obtain compensation for the taking began to run on the date the fence was erected.

Ledford v. Highway Comm.

APPEAL by plaintiffs from *Snepp, J.*, 7 September 1970 Session of HAYWOOD, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

Plaintiffs, landowners, instituted this action against the North Carolina State Highway Commission (Commission) under G.S. 136-111 to recover damages for the obstruction of a right-of-way over adjoining property which gave them access to a public road. In bar of the action Commission alleges that more than twenty-four months elapsed between the date of the taking and the institution of this action, and defendant "specifically pleads the statute of limitations set forth in General Statutes 136-111 as a complete plea-bar to the right of the plaintiffs to maintain this action."

At the pretrial hearing, held pursuant to G.S. 136-108 to determine all issues raised by the pleadings other than the issue of damages, the parties stipulated the following facts:

On 30 October 1967 plaintiffs owned the three contiguous tracts of land described in the complaint. They also owned a right-of-way which led from their Tract No. 1 over the adjoining property of Faye Leatherwood to White Oak Road, a public road known as S. R. 1338. During 1967 Commission was engaged in constructing Highway Projects 6.800959 and 8.2036301 in Haywood County, the Cataloochee Access Road from Interstate Highway 40 at Fines Creek Interchange into the Great Smoky Mountain National Park. This project was designated and built as a fully controlled-access facility with fencing along the controlled-access right-of-way line. A portion of the project was constructed over the Leatherwood land between White Oak Road and plaintiffs' Tract No. 1. On 30 October 1967, Commission erected a fence along that portion of the project's right-of-way, blocking plaintiffs' access to White Oak Road.

In a letter dated 24 February 1970 plaintiffs "suggested" to Commission that, by means of a gate with a lock, they be allowed to breach Commission's fence, which had severed their right-of-way. On 13 March 1970 Commission replied that the project was a fully controlled-access facility to which they could not permit any access. On 8 May 1970, slightly more than two years and six months after Commission's fence had severed plaintiffs' easement, plaintiffs instituted this action.

Upon the foregoing facts Judge Snepp concluded as a matter of law that plaintiffs' action is barred by G.S. 136-111. From his judgment dismissing the action plaintiffs appealed.

*Millar, Alley & Killian; John I. Jay for plaintiff appellants.*

*Attorney General Morgan; Deputy Attorney General White; Assistant Attorney General McDaniel for defendant appellee.*

SHARP, Justice.

**[1, 2]** Like any other person whose land is taken by the State Highway Commission for highway purposes, an owner whose access to a public road is a right-of-way over adjoining property is entitled to just compensation when the State deprives him of this easement. Ordinarily, such a taking will be accomplished by the filing of a complaint and a declaration of taking as specified in G.S. 136-103. However, G.S. 136-111 provides that "any person whose land or compensable interest therein" has been appropriated by the Highway Commission without the filing of a complaint and declaration of taking may, "within twenty-four (24) months of the date of said taking," bring an action in the superior court to recover damages for the taking. Thus, although a property owner is always entitled to just compensation when his land is taken for public use, he must pursue the prescribed remedy within the time specified. *Wilcox v. Highway Commission,* 279 N.C. 185, 181 S.E. 2d 435.

**[3]** In an attempt to circumvent the bar of G.S. 136-111, plaintiffs argue that their right-of-way over the Leatherwood property was not taken on 30 October 1967, the date the fence was erected across it, but on 24 February 1970, the date they allege they first sought to use the easement and were prevented from doing so by the fence. This contention, however, is untenable. The taking occurred when Commission erected the fence, severing the right-of-way and preventing its further use, and not at the time plaintiffs were first inconvenienced by it. The fence was not a temporary srtucture but a permanent and essential adjunct to a fully controlled-access highway. It was visible and incontrovertible evidence of Commission's intention to appropriate the easement permanently. " 'Taking' under the power of eminent domain may be defined generally as entering upon private property for more than a momentary period and, under the warrant or color of legal authority, devoting it to a public

---

Ledford v. Highway Comm.

---

use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof." 26 Am. Jur. 2d *Eminent Domain* § 157 (1966). The foregoing definition was adopted by this Court in *Penn v. Coastal Corporation*, 231 N.C. 481, 484, 57 S.E. 2d 817, 819.

The judgment of the Superior Court, which dismissed this action, is

Affirmed.