FALLS SALES COMPANY, INC., PLAINTIFF v. BOARD OF TRANS-
    PORTATION, DEFENDANT v. ASHEVILLE CONTRACTING COM-
    PANY, THIRD-PARTY DEFENDANT

No. 47

(Filed 14 April 1977)

1. Highways and Cartways § 7— contractor's liability — injury constitut-
    ing taking of property

    A contractor who is employed by the Board of Transportation to
    do work incidental to the construction or maintenance of a public high-
    way and who performs the work with proper care and skill cannot be
    held liable to a property owner for damages resulting to property
    from the performance of the work; rather, in such a case, the injury
    to the property constitutes a taking of the property for public use for
    highway purposes, and the only remedies available to the owner are a
    special condemnation proceeding against the Board of Transportation
    under G.S. 136-19 or an action for "inverse condemnation" against
    the Board to recover compensation for the property taken or damaged.

2. Highways and Cartways § 7; Negligence § 5— blasting operations —
    third party defendant strictly liable for damages

    Blasting is an inherently dangerous or extrahazardous activity
    and persons using explosives are strictly liable for damages proxi-
    mately caused by an explosion; thus, when a contractor employed by
    the Board of Transportation uses explosives in the performance of
    his work, he is primarily and strictly liable for any damages proxi-
    mately resulting therefrom.

3. Highways and Cartways § 7; Negligence § 5— blasting operations —
    contractor's assumption of liability for damages — proof of negligence
    unnecessary

    Allegation and proof of negligence by the Board of Transporta-
    tion in its action against third party defendant for indemnification
    for any amount recovered from defendant Board by plaintiff for the
    taking of property by blasting damages was unnecessary, since de-
    fendant Board intended to and did insure itself against the highly
    unpredictable and dangerous consequences of blasting by including in
    the contract specifications a clause which stated explicitly and without
    qualification that "the contractor shall be responsible for any and all
    damage resulting from the use of explosives," and third party defend-
    ant's motions to dismiss, for summary judgment, and for directed
    verdict were properly denied.

4. Appeal and Error § 2— appeal from Court of Appeals — review limited
    to questions first presented in Court of Appeals

    After there has been a determination by the Court of Appeals,
    review by the Supreme Court, whether by appeal of right or by dis-
    cretionary review, is to determine whether there is any error of law
    in the decision of the Court of Appeals, and the potential scope of the

Supreme Court's review is limited by the questions properly presented for first review in the Court of Appeals.

**5. Judgments § 5; Rules of Civil Procedure § 42— severance order interlocutory — modification of order proper**

A severance order is an interlocutory order, that is, one incidental to the progress of the cause which does not affect a substantial right of the parties, and, as such, it may be subsequently modified by the presiding judge upon a determination that present circumstances warrant such action.

**6. Rules of Civil Procedure §§ 14, 42— third party impleaded — severance — principal action properly tried first**

Even where circumstances require separate trials after a Rule 14 impleader, the better practice is to try the principal action first.

APPEAL by third-party defendant pursuant to G.S. 7A-30 (2) from decision of the Court of Appeals, reported in 32 N.C. App. 97, 231 S.E. 2d 168 (1977) (opinion by Martin, J., Britt, J., concurring, Vaughn, J., dissenting), affirming judgment of *Walker, S.J.*, at the 1 March 1976 Session of HENDERSON Superior Court, directing a verdict for the defendant.

Plaintiff instituted this inverse condemnation action against defendant Board of Transportation (hereinafter referred to as Board) alleging, among other things, a taking of plaintiff's property by the depositing of rocks, timber and other debris on plaintiff's land beyond defendant's highway right-of-way and construction easements. For this and other damages alleged, plaintiff prays for compensation in the amount of $87,500.

Defendant filed an answer and a third-party complaint denying these allegations and further alleging that any damages which may have resulted from blasting are the responsibility of the third-party defendant, Asheville Contracting Co. (hereinafter referred to as Asheville), the independent contractor employed by the defendant to construct the highway. The defendant alleges that §§ 7.11 and 7.14 of the "North Carolina State Highway Commission, Raleigh, Standard Specifications for Roads and Structures, including Supplement No. 1, Revised January 1, 1965," incorporated by reference into the contract between the defendant and the third-party defendant, places absolute responsibility for blasting damages upon the third-party defendant, and thus entitles the defendant to indemnification from the third-party defendant for any amount recovered

by the plaintiff against the defendant for blasting damages. §§ 7.11 and 7.14 of the specifications provide as follows:

> "Section 7.11 *Use of Explosives.* When the use of explosives is necessary for the prosecution of the work, the contractor shall exercise the utmost care not to endanger life or property. *The contractor shall be responsible for any and all damage resulting from the use of explosives.*" (Emphasis added.)

> "Section 7.14 *Responsibility for Damage Claims.* The contractor shall indemnify and save harmless the Commission . . . from all suits, actions, or claims of any character brought because of any injuries or damages received or sustained by any person, persons, or property on account of the operations of the said contract; or on account of or in consequence of any neglect in safeguarding the work; or through use of unacceptable materials in constructing the work; or because of any act or omission, neglect, or misconduct of said contractor. . . ."

Asheville moved to dismiss the defendant's third-party action under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the ground that the Board of Transportation failed to state a claim against it upon which relief could be granted. Judge Snepp denied this motion. Later Asheville moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure which motion was denied by Judge Friday.

Asheville filed an amended answer which asserts as defenses that all blasting operations were conducted in a prudent, careful, and accepted manner under the supervision of the Board of Transportation; that indemnification of the Board would constitute unjust enrichment because Asheville would in effect be purchasing an additional right-of-way from the plaintiff for the Board; that the Board was negligent in its design of the project and as a consequence did not purchase sufficient right-of-way from the plaintiff for the road construction, and that it was impossible for the third-party defendant to perform its contract strictly due to the Board's failure to purchase sufficient right-of-way.

In the pre-trial order, all parties expressed the opinion that a separation of the issues in the case would not be feasible.

Nevertheless, Judge Walker ordered the two actions severed for trial and the third-party action between the Board and Asheville to be tried first. All parties excepted to this order.

At trial the Board of Transportation presented evidence as to the nature and extent of blasting damages to plaintiff's property and evidence tending to show that the Board's inspector at the highway project in question was not a blasting expert, and that the blasting was the responsibility of the independent contractor. Asheville offered an explosive expert who testified that he personally supervised the blasting on the behalf of Asheville. He testified that the blasting was performed in accordance with approved methods in general use; that the Board's inspector did not object to the procedures used, and that he knew of no other way the rock could have been blasted so as to contain the deposit from the blast within the construction easement.

At the close of all the evidence, both the defendant and the third-party defendant moved pursuant to Rule 50 of the North Carolina Rules of Civil Procedure for a directed verdict. Judge Walker denied Asheville's motion but granted the Board's motion for a directed verdict, finding that the defendant was entitled to indemnification from the third-party defendant under the terms of their contract. The trial court entered a final judgment in the third-party action and certified it for immediate appellate review pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

*Attorney General Rufus L. Edmisten by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the Board of Transportation.*

*Adams, Hendon & Carson, P.A. by George Ward Hendon for the third-party defendant.*

COPELAND, Justice.

Asheville first contends the Court of Appeals erred in affirming the trial court's denial of its motions to dismiss, for summary judgment, and for a directed verdict. Asheville claims its various motions should have been allowed because neither the plaintiff nor the defendant Board of Transportation has ever alleged or proven that Asheville performed its work in a negligent manner or in any manner inconsistent with prevailing good practices in the construction industry.

Sales Co. v. Board of Transportation

**[1]** It is a well settled rule in this jurisdiction that a contractor who is employed by the Board of Transportation to do work incidental to the construction or maintenance of a public highway and who performs the work with proper care and skill cannot be held liable to a property owner for damages resulting to property from the performance of the work. In such a case, the injury to the property constitutes a taking of the property for public use for highway purposes. *Highway Commission v. Reynolds Co.*, 272 N.C. 618, 159 S.E. 2d 198 (1968) ; *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E. 2d 900 (1963) ; *Moore v. Clark,* 235 N.C. 364, 70 S.E. 2d 182 (1952). The only remedies available to the owner are a special condemnation proceeding against the Board of Transportation under G.S. 136-19 or an action for "inverse condemnation" against the Board to recover compensation for the property taken or damaged. *Reynolds, supra; Insurance Co., supra.* But if the contractor employed by the Board of Transportation performs his work in a negligent manner and thereby proximately injures the property of another, he is personally liable to the owner therefor. *Reynolds, supra; Insurance Co., supra; Moore, supra.*

We do not believe these established rules bar the third-party action involved in the instant case. While nothing else appearing, the contractor employed by the Board of Transportation is not absolutely liable for damages to a property owner, we have never held that a contractor may not *contract* to assume this liability. In *Reynolds, supra,* an action brought by the Highway Commission against a contractor to recover compensation paid to the owner of a building damaged by the contractor in the construction of a highway for the plaintiff, this Court had occasion to construe § 7.14 of the standard specifications, the general damage responsibility clause of the contract. In that case, we held that the parties did not *contemplate or intend* that the contractor should reimburse the Highway Commission for any amount paid by the Commission in discharge of its own primary liability and that reimbursement was contemplated and intended only in instances in which the Commission was called upon to discharge a liability to which it was subject on account of some wrongful act of the contractor and for which the contractor was primarily liable. *Reynolds, supra.*

**[2]** *Reynolds* is distinguishable in several respects from the case at bar. First, the trial court found as a fact in *Reynolds* that the damages to the building *did not result from blasting opera-*

*tions* but were the result of the use of standard and accepted machinery and road-building equipment according to standard and accepted methods and techniques in the road construction industry. The contractor in *Reynolds, supra,* thus did not appear to be engaged in an ultrahazardous activity. We have held that blasting is an inherently dangerous or extrahazardous activity and that persons using explosives are strictly liable for damages proximately caused by an explosion. *Insurance Co., supra.* Thus, when a contractor employed by the Board of Transportation uses explosives in the performance of his work we believe that he is primarily and strictly liable for any damages proximately resulting therefrom. *See Insurance Co., supra.*

Fifty years ago, the Fourth Circuit Court of Appeals found Asheville Construction Co. (possibly a predecessor of the third-party defendant in this case?), an independent contractor, strictly liable on the theory of trespass for damages caused by rock and debris thrown on the property of another as a result of blasting operations. *Asheville Construction Co. v. Southern Ry. Co.,* 19 F. 2d 32 (1927) (Parker, J.). That court held the fact that the contractor was employed by an agency of the State to construct the highway did not entitle it to any immunity from liability. *Asheville Construction Co., supra.*

**[3]** Assuming *arguendo* that the contractor is not primarily and strictly liable to the property owner for damages resulting from blasting, *Reynolds* is nevertheless distinguishable because of § 7.11 of the standard specifications. That specific liability clause of the contract states explicitly and without qualification that "[t]he contractor shall be responsible for any and all damage resulting from the use of explosives." The Board of Transportation, which is liable for any "taking" of property through the use of explosives by its contractors, *Insurance Co., supra,* has the right to enter into an indemnity contract with the contractor. Clearly, the Board of Transportation by the insertion of § 7.11 into the contract specifications intended to insure itself against the highly unpredictable and dangerous consequences of blasting. "Ordinarily, when parties are on equal footing, competent to contract, enter into an agreement on a lawful subject, and do so fairly and honorably, the law does not permit inquiry as to whether the contract was good or bad, whether it was wise or foolish." *Roberson v. Williams,* 240 N.C. 696, 700-1, 83 S.E. 2d 811, 814 (1954). "It is the simple law of contracts that 'as a man consents to bind himself, so shall he be bound.'" (Cases

omitted.) *Troitino v. Goodman,* 225 N.C. 406, 414, 335 S.E. 2d 277, 283 (1945).

We conclude that allegation and proof of negligence by the Board of Transportation in its action against Asheville is unnecessary and Asheville's motions to dismiss, for summary judgment, and for a directed verdict were properly denied.

[4] Asheville next assigns as error the trial court's allowance of the Board's motion for a directed verdict. This issue is not properly before us. Asheville did not present and discuss the assignment in its brief before the Court of Appeals as required by Rule 28(a) of the North Carolina Rules of Appellate Procedure. Accordingly, under Rule 28(a) the assignment was "deemed abandoned" and that court did not consider the question. After there has been a determination by the Court of Appeals, review by this Court, whether by appeal of right or by discretionary review, is to determine *whether there is any error of law in the decision of the Court of Appeals and only the decision of that court is before us for review. State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968); *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353 (1968); Rule 16(a), N. C. Rules of Appellate Procedure. We inquire into the proceedings in the trial court solely to determine the correctness of the decision of the Court of Appeals except in those instances in which we elect to exercise our general supervisory power over inferior courts. *State v. Williams, supra.* A party who was an appellant in the Court of Appeals is only entitled to present in his brief before this Court assignments of error which he *properly presented for review to the Court of Appeals.* Rule 16(a), N. C. Rules of Appellate Procedure; *accord, State v. Colson, supra.* The potential scope of our review is limited by the questions properly presented for first review in the Court of Appeals. *State v. Colson, supra;* Drafting Committee Note to Rule 16(a). "The attempt to smuggle in new questions is not approved." *State v. Colson, supra* at 309, 163 S.E. 2d at 386.

Nevertheless, we note that the directed verdict was proper because the only issue to be determined was a question of law based on admitted facts. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). Both parties admit their written contract. We find § 7.11 of the standard specifications is free from ambiguity and when a written contract is free from ambiguity, interpretation of the contract is for the court. *Briggs v. Mills, Inc.,* 251 N.C. 642, 111 S.E. 2d 841 (1960). Asheville's conten-

tion that there were other issues of fact related to its affirmative defenses which should have been submitted to the jury is without merit.

On this appeal neither the Board nor Asheville challenges Judge Walker's order serving the third-party action from the principle action and requiring the third-party action to be tried first. However, in view of the posture in which this action will return to the superior court, we are constrained to make the following observations:

[5] A severance order is an interlocutory order, that is, one incidental to the progress of the cause which does not affect a substantial right of the parties. As such, it may be subsequently modified by the presiding judge upon a determination that present circumstances warrant such action. "Interlocutory orders are subject to change 'at any time to meet the justice and equity of the case upon sufficient grounds shown for the same.' " *Calloway v. Ford Motor Co.*, 281 N.C. 496, 502, 189 S.E. 2d 484, 488 (1972).

The decision in this opinion, that Asheville is absolutely liable to the Board for all sums recovered by the plaintiff from the Board for blasting damages, settles one of the major issues in the case. Thus from now on Asheville's interests will be inextricably bound with those of the Board.

[6] The provision for consolidated trials contained in G.S. 1A-1, Rule 14(a) was designed to deal with this type of situation. "When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof." Wright & Miller, Federal Practice and Procedure § 1442 (1971). Even where circumstances require separate trials after a Rule 14 impleader, we believe the better practice is to try the principal action first.

The decision of the Court of Appeals is

Affirmed.