H. C. CODY AND WIFE, LENA JO CODY v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND ASHEVILLE CONTRACTING COMPANY, INC.

No. 7924SC560

(Filed 4 March 1980)

**Indemnity § 2; Eminent Domain § 13— highway reconstruction—damages from contractor's blasting operations—indemnity agreement—right to sue Department of Transportation and contractor**

An agreement between the Department of Transportation and a contractor that the contractor would indemnify the Department of Transportation for any claims arising out of the performance of a highway reconstruction contract, including any claims caused by the contractor's blasting operations, did not affect plaintiffs' right to sue the Department of Transportation or the contractor or both for loss of a building on their property allegedly caused by the contractor's blasting operations, and the trial court erred in dismissing the Department of Transportation as a party in plaintiffs' action against the Department under the inverse condemnation statute and the contractor based on strict liability.

APPEAL by plaintiffs from *Johnson, Judge*. Order signed 30 April 1979 in Superior Court, MADISON County. Heard in the Court of Appeals 16 January 1980.

Plaintiffs instituted this civil action against the North Carolina Department of Transportation under N.C.G.S. 136-111, the inverse condemnation statute. They alleged that continuous blasting operations necessitated by the reconstruction of N.C. 213 between Marshall and Mars Hill resulted in the total loss of a building on their property and constituted a taking of a portion of their property. Plaintiffs then amended their complaint to join Asheville Contracting Company, Inc., which had contracted with the Department of Transportation for the actual performance of the reconstruction work, as a party defendant. There were no allegations of negligence against either defendant. The Department of Transportation answered the amended complaint and alleged its indemnity claim against Asheville Contracting Company.

The contract between the defendants contained the following sections:

Section 107-11 Use of Explosives

When the use of explosives is necessary for the prosecution of the work, the contractor shall exercise the utmost care not to endanger life or property. The contractor shall be responsible for any and all damage or injury to persons or property resulting from the use of explosives . . .

Section 107-15 Responsibility for Damage Claims

The Contractor shall indemnify and save harmless the commission (now Department of Transportation) . . . from all suits, actions or claims of any character brought for any injury or damages received or sustained by any . . . property by reason of any act of the contractor, subcontractor, its agents or employees in the performance of the contract. The contractor's liability to save harmless and indemnify shall include . . . The following . . . (6) any damages or claims caused by blasting operations of the contractor with or without proof of negligence on the part of the contractor; . . .

The Department of Transportation moved that the action be dismissed as to it. Upon a review of the pleadings and memoranda of law submitted by the parties, Judge Johnson made findings of fact and conclusions of law and ordered that the Department of Transportation be dismissed from the action. Plaintiffs appeal from this order.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Bennett, Kelly & Cagle, by Harold K. Bennett, for plaintiff appellants.*

MARTIN (Harry C.), Judge.

The sole question for our review is whether the trial court erred in ruling that the Department of Transportation was not a necessary party to this action and in dismissing the action as to it. We hold the trial court did err in its decision.

Plaintiffs first elected to bring suit against the Department of Transportation under the inverse condemnation statute. They then asserted an additional claim against Asheville Contracting Company, Inc., premised upon a theory of strict liability for blasting operations. The state and Asheville Contracting are jointly and severally liable to plaintiffs for the damages to their property. We think that plaintiffs were entitled to sue the Department of Transportation, the contractor, or both. In accordance with established rules governing remedies, plaintiffs would be permitted only one recovery for the dynamite damage to their property. But they are not thereby forced into having to select only one party to sue.

Unquestionably plaintiffs could sue the Department of Transportation for their statutory remedy under N.C.G.S. 136-111. The trial court found that plaintiffs based this action on inverse condemnation and timely filed their complaint against the Department of Transportation. Plaintiffs also had the legal right to sue the contractor upon the theory of strict liability. A contractor employed by the Department of Transportation cannot be held liable to a property owner for damages resulting from work done with proper skill and care. The owner's remedy is against the Department of Transportation on the theory of condemnation.

*Highway Commission v. Reynolds Co.*, 272 N.C. 618, 159 S.E. 2d 198 (1968); *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E. 2d 900 (1963). It is otherwise when the contractor uses explosives. Because of the inherently dangerous or ultrahazardous nature of blasting, when a contractor employed by the Department of Transportation uses explosives in the performance of his work, he is "primarily and strictly liable for any damages proximately resulting therefrom." *Sales Co. v. Board of Transportation*, 292 N.C. 437, 442, 233 S.E. 2d 569, 573 (1977).

The court found that under the terms of the contract between defendants they intended that "defendant Contractor would 'save harmless' defendant D.O.T. and that defendant Contractor would be strictly liable for blasting damages." It then concluded as a matter of law that defendant Department of Transportation is not a necessary party to this action.

The court erred in dictating to plaintiffs that their suit must be maintained against the contractor alone. We do not think that contracting parties can, by the terms of their private agreement, eliminate a cause of action created by statute to benefit a citizen of North Carolina. The contractor and the Department of Transportation could, and did, agree that the contractor would indemnify the Department of Transportation for any claims arising out of the performance of the contract. As the Court acknowledged in *Sales Co., supra*, the Department of Transportation clearly intended, by inserting section 7.11 into the contract specifications, to insure itself against the highly unpredictable and dangerous consequences of blasting. But the defendants here could not contract away the Department of Transportation's statutory liability and the concomitant right of the injured property owner.

Defendant Department of Transportation argues in its brief: "[I]t is pointless then for the State to remain a party here, go to trial, seek reimbursement, etc. when this entire issue can be handled in one action; a trial between plaintiffs and the contractor, exactly as the contract intended and sets forth." This contention cannot be upheld. The Court in its opinion in *Sales Co.*, upon which the Department of Transportation heavily relies for its position, recognized that the Department of Transportation cannot cause its liability to disappear. It has the right to enter into

an indemnity contract with the contractor, but it is "liable for any 'taking' of property through the use of explosives by its contractors." *Id.* at 442, 233 S.E. 2d at 573.

Many practical considerations support our holding. The contractor may be insolvent; he may have violated any insurance contract that would have benefited plaintiff; he may be a very popular person in the county, making it difficult for plaintiff to secure an unbiased jury. On the other hand, the state is solvent and in many areas is considered a "target" defendant. It would be most unjust for the state, by its agreement with a contractor, to destroy plaintiff's cause of action against the state.

The facts involved in this case are the same as to each defendant, and there is no reason the claims cannot be tried jointly. The defendants, *inter se*, have their allegations of indemnity to resolve, but this does not affect plaintiffs' right to sue all parties responsible for the damages they received. Plaintiffs have no rights against Asheville Contracting based upon the indemnity agreement between Asheville Contracting and the state. *Casualty Co. v. Waller*, 233 N.C. 536, 64 S.E. 2d 826 (1951). It is only a matter of coincidence that Asheville Contracting is both an indemnitor to the state and also primarily liable to plaintiffs for damages caused by the blasting.

We hold the indemnity contract between the Department of Transportation and Asheville Contracting Company does not affect in any way plaintiffs' right to sue the Department of Transportation or Asheville Contracting or both. The order of the superior court dismissing the Department of Transportation as a party is

Reversed.

Chief Judge MORRIS and Judge HILL concur.