H. C. CODY AND WIFE, LENA JO CODY, PLAINTIFFS v. DEPARTMENT OF TRANSPORTATION, DEFENDANT AND THIRD-PARTY PLAINTIFF v. ASHE-VILLE CONTRACTING COMPANY AND TRAVELERS INDEMNITY COMPANY, THIRD-PARTY DEFENDANTS

No. 8224SC189

(Filed 15 February 1983)

1. **Indemnity § 3; Rules of Civil Procedure § 14— indemnity claim as third-party claim—denial of motion to dismiss third-party claim at end of defendant's evidence proper**

    The trial court did not err in denying the third-party defendant's motion for directed verdict at the close of defendant's evidence since plaintiffs had to establish their claim against defendant before defendant as third-party plaintiff could ascertain the extent of any claim for indemnification it might have against the third-party defendant. Therefore, the trial judge properly excluded the introduction of the indemnification contract until the jury established the amount of damages, if any, to which plaintiff was entitled.

2. **Trial § 40— inverse condemnation proceeding—failure to determine issues other than damages prior to trial—no prejudicial error**

    The third-party defendant was not prejudiced, if there was error, in the trial court's failing to determine the issues other than damages in an inverse condemnation case prior to trial as required by G.S. 136-108. All parties stipulated that other issues as to the proper designation of parties, ownership of land in question, the legal ownership and title to the building had been settled.

3. **Eminent Domain § 13— inverse condemnation action—award of attorney fees —proper**

    In an inverse condemnation action, there was no error in the court's award of $5,000 in attorney fees to plaintiff's attorney pursuant to G.S. 136-119.

APPEAL by third-party defendants from *Howell, Judge.* Judgments entered 24 September 1981. Heard in the Court of Appeals 11 January 1983.

This is an appeal by third-party defendants from judgments entered against them for damages arising in an inverse condemnation proceeding and under an indemnity agreement.

*Bennett, Kelly & Cagle, by Harold K. Bennett, for plaintiffs-appellees.*

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for defendant and third-party plaintiff-appellee.*

*Adams, Hendon, Carson & Crow, by George W. Saenger, for third-party defendants-appellants Asheville Contracting Company and Travelers Indemnity Company.*

HILL, Judge.

Plaintiffs brought this action for inverse condemnation against the Department of Transportation (hereinafter referred to as DOT), alleging their store building was damaged by blasting which occurred during construction of the adjacent highway. DOT subsequently filed two pleadings: an answer and crossclaim that were served on plaintiffs; and a third-party complaint that was served on Asheville Contracting Company and Travelers Insurance Company, its surety, pursuant to G.S. 1A-1, Rule 14. The third-party complaint sought indemnification for damages for which DOT might be liable to plaintiffs, pursuant to a contract of indemnity provided by Asheville Contracting Company and Travelers Insurance Company, its surety, with DOT as beneficiary. Asheville Contracting Company and Travelers answered the complaint of plaintiffs, admitting a contract with DOT, but denying liability. Neither third-party defendant demanded a jury trial.

At trial, plaintiffs offered evidence of damages arising out of the blasting, and thereafter DOT offered evidence in mitigation of damages. Asheville Contracting Company assisted in the selection of the jury, cross-examined witnesses, and otherwise participated in the trial. Plaintiffs and DOT rested their cases, and Asheville Contracting Company and Travelers moved for a directed verdict pursuant to G.S. 1A-1, Rule 50, or alternatively for an involuntary dismissal pursuant to G.S. 1A-1, Rule 41(b), contending that no evidence of the liability of Asheville Contracting Company had been introduced. The motions were denied. The attorney for DOT moved to reopen his case and offer evidence of the contract and

the standard specifications to show the liability of Asheville Contracting Company, but the trial judge denied DOT's motion. Thereafter, Asheville Contracting Company presented evidence of its defenses against plaintiffs and rested its case. Plaintiffs offered rebuttal evidence, and DOT again tendered the contract. Since the third-party defendants admitted in their answer a contract for construction of the DOT highway project, the trial judge allowed the contract into evidence to the extent that it had been admitted by third-party defendants. Asheville Contracting Company renewed its motions pursuant to G.S. 1A-1, Rule 50 and Rule 41 which were denied. On the single issue of damages, the jury awarded plaintiffs $16,000.00.

The court entered judgment on the jury verdict and announced that it would consider the third-party claim and the question of indemnity the next day. At that time, the court received evidence, including the contract of indemnity, made findings of fact and entered judgment against Asheville Contracting Company and Travelers Insurance Company. Third-party defendants appealed both the original judgment and the judgment in which indemnification was ordered. We have examined the assignments of error raised by Asheville Contracting Company's brief and affirm in all respects the actions of the trial judge.

[1] By its first assignment of error, Asheville Contracting Company in its brief argues that the trial judge erred in denying its motion for a directed verdict, or alternatively for an involuntary dismissal at the close of DOT's evidence, there being no evidence of any obligation of indemnity or otherwise at that time. We find no error.

Asheville Contracting Company and Travelers Insurance Company were joined as third-party defendants pursuant to G.S. 1A-1, Rule 14. This rule anticipates the disposition in one trial of cases involving multiple parties. It is particularly adapted to cases such as this one where the liability of a third-party defendant is contingent upon liability of another party, and upon claims the exact amount of which is not fixed at the beginning of trial. The rule permits the defendant as a third-party plaintiff to cause "a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him."

In the case *sub judice*, plaintiffs had to establish their claim against DOT before defendant as third-party plaintiff could ascertain the extent of any claim for indemnification it might have against the third-party defendant. Determination of plaintiff's rights constitutes the "adjudication of the main claim." Thereafter, the third-party defendant must have the right to defend against any contingent liability arising out of the main claim. It is only after liability is adjudicated under the main claim that the question of indemnification arises. Hence, the trial judge appropriately excluded the introduction of the indemnification contract until the jury established the amount of damages, if any, to which plaintiff was entitled. The contract of indemnity was properly introduced when the question of indemnification was before the judge, sitting as the finder of fact.

By resting its case, DOT did nothing more than announce termination of the main claim brought by plaintiffs. We find nothing in the record that indicates trial on the question of indemnification had begun when DOT rested. "It is the duty of the court to supervise and control the trial to prevent injustice to either party." 12 Strong N.C. Index 3d, Trial, § 9, p. 360. In directing that the issues of damages and indemnification be tried separately, the trial judge exercised his discretion in an appropriate manner.

[2] Third-party defendant in its brief next contends that the court erred in failing to determine the issues other than damages prior to trial as required by G.S. 136-108. This statute provides:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

The statute refers specifically to the determination of issues by the trial judge on motion of the Department of Transportation or the owners. Asheville Contracting Company waited to make its objection until the time for submitting issues to the jury.

The judge made findings of fact at the close of the evidence and concluded that only one issue would be submitted to the jury,

and a separate hearing would be held on indemnity. However, all parties stipulated that other issues as to proper designation of parties, ownership of land in question, the legal ownership and title to the building had been settled.

If there was error, it was not prejudicial to the third-party defendants. This assignment is overruled.

[3] We find no error in the court's award of $5,000.00 in attorney fees to plaintiff's attorney pursuant to G.S. 136-119. In his judgment filed 24 September 1981, the trial judge found that Harold K. Bennett as attorney for plaintiff instituted this action under the provisions of G.S. 136-111 and performed professional services in handling the case to conclusion, entitling him to reasonable attorney fees of $5,000.00; that said sum is fair, just, and reasonable under all the circumstances of the case. The court then taxed the defendant with this sum as part of the costs of this action. Asheville Contracting Company assigns as error failure of the trial judge to make findings of fact to substantiate his order. We find no error.

When a statute provides for attorney fees to be awarded as a part of the costs to be paid by the governmental authority which is appropriating the property, it is not a contingent fee, but an amount equal to the actual reasonable value of the attorney services. *Redevelopment Comm. v. Hyder*, 20 N.C. App. 241, 201 S.E. 2d 236 (1973).

G.S. 136-119 provides that the judge "shall determine and award or allow to such plaintiff, as a part of such judgment, such sum as will in the opinion of the judge reimburse such plaintiff for his reasonable cost, disbursements and expenses . . . ." Attorney fees are a cost, disbursement and expense. The award of attorney fees is in the sound discretion of the trial judge and is unappealable unless there is an abuse of discretion. *Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221 (1967).

The attorney for the plaintiff filed an affidavit detailing the work done by him and an outline of the steps taken in the disposition of the case. The trial judge had this information before him before entry of his order allowing attorney fees. Asheville Contracting Company has shown no abuse of discretion by the trial judge in his order. The assignment is overruled.

By its final assignment of error, Asheville Contracting Company contends the court erred by entering judgment against it as third-party defendant. To substantiate the assignment, this party emphasizes certain findings of fact and conclusions of law made in the 24 September 1981 judgment that refer specifically to the holding of this Court in a prior appeal of this case. *See Cody v. Dept. of Transportation*, 45 N.C. App. 471, 263 S.E. 2d 334, *disc. rev. denied*, 300 N.C. 372, 267 S.E. 2d 674 (1980). We do not find it necessary to address in detail all of third-party defendant's contentions. In disposing of this case when it appeared before this Court previously, Judge Martin (now Justice Martin), ably pointed out that the trial judge erred in dismissing the action against DOT for the reason that contracting parties cannot by terms of a private agreement eliminate a cause of action created by statute to benefit citizens of North Carolina. This Court concluded that the plaintiff could sue DOT, or Asheville Contracting Company, under strict liability for damages resulting from blasting, or both. This Court did not compel joinder of the parties as defendants. Plaintiffs' election to sue DOT alone and DOT's proper joinder of Asheville Contracting Company fall within the guidelines of the prior case.

We have no quarrel with treating this case as an inverse condemnation proceeding to the point of establishing damages; and subsequently proceeding with the question of indemnification for reasons previously set out. Damages must be established against DOT before any liability would exist as to Asheville Contracting Company. Had the jury found no damages, the question of indemnification would not have arisen. Without detailing the evidence supporting the findings of fact, we conclude that the findings are sufficient; and that the findings of fact support the conclusion.

In the trial of the case, we find

No error.

Judges ARNOLD and WHICHARD concur.