DEPARTMENT OF TRANSPORTATION v. LEWIS R. HIGDON AND WIFE,
CAROL HIGDON; FIRST UNION NATIONAL BANK, TRUSTEE; AND ASHE-
VILLE FEDERAL SAVINGS AND LOAN ASSOCIATION

No. 8628SC295

(Filed 16 September 1986)

**Eminent Domain §§ 2.3, 13.2— regrading to improve access—no taking of property**

The trial court did not err in determining that the area taken by plaintiff
was the area described in a plat filed by plaintiff, since the alteration of de-
fendants' property outside of the area described in the plat did not amount to
a taking but instead amounted to a regrading to improve access to defendants'
remaining property.

APPEAL by defendants from *Lewis (Robert D.), Judge.* Order
entered 12 November 1985 in Superior Court, BUNCOMBE County.
Heard in the Court of Appeals 27 August 1986.

Defendants' property was condemned for the purpose of wid-
ening Biltmore Avenue in Asheville, Buncombe County, North
Carolina. After plaintiff condemned the property, it prepared and
filed a plat showing the areas acquired from defendants. The plat
indicated that 1,107 square feet for a new right-of-way, 459 square
feet for a temporary slope easement and 380 square feet for a
temporary construction easement were taken. Defendants
presented evidence that the area taken was greater than that in-
dicated in the plat in that 1,107 square feet of new right-of-way
and 1,361 square feet of slope easement were taken for a total of
2,468 square feet. Defendants requested a hearing on the matter
pursuant to G.S. 136-108.

The parties stipulated that plaintiff went beyond the area
designated as appropriated in the plat. Plaintiff presented evi-
dence which tended to show that although it had physically ex-

ceeded the appropriated area, it did so solely to improve access to defendants' remaining property.

Defendants presented evidence that tended to show the following facts. Prior to the construction, the entire 2,468 square foot area was a parking area with a more gradual, lesser slope. Plaintiff installed an earth and straw area replacing paved asphalt parking. Plaintiff also resloped and repaved the 2,468 square foot area making such area less accessible and less desirable than it was before the taking. The steeper slope was located closer to the building on defendants' property. These alterations were made without defendants' permission. As a result of the alteration of the 2,468 square foot area, the front parking lot was rendered useless. Additionally, defendants had to drop the level of the front of their property, and had to install a retaining wall and steps in order to enter the building.

The trial court found that the attempt by the State to improve access to the subject property by lowering the grade in order to tie into the parking lot more safely did not constitute a taking of more property than that originally described in the plat.

From the order entered in the superior court, defendants appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for plaintiff appellee.*

*Patla, Straus, Robinson & Moore, by Jones P. Byrd, for defendant appellants.*

ARNOLD, Judge.

Defendants contend that the trial court erred in its determination that the area taken by plaintiff was the area described in the plat. We disagree.

In *Ledford v. Highway Comm.*, 279 N.C. 188, 190-91, 181 S.E. 2d 466, 468 (1971), our Supreme Court stated:

"Taking" under the power of eminent domain may be defined generally as entering upon private property for more than a momentary period and, under the warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as

substantially to oust the owner and deprive him of all beneficial enjoyment thereof.

*See also City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 338 S.E. 2d 794 (1986).

The alteration of defendants' property outside of the area described in the plat did not amount to a taking. In no way was this additional area devoted to a public use and defendants were neither substantially ousted nor deprived of all beneficial enjoyment of the area in question by the mere regrading of the property.

If, instead of modifying the access to defendants' property, plaintiff had impaired such access, defendants would likely have had a viable taking claim. *See Thompson v. Seaboard Air Line R.R.*, 248 N.C. 577, 104 S.E. 2d 181 (1958). Here, however, such is not the case and defendants' argument fails.

In *City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 338 S.E. 2d 794 (1986), this Court held that a temporary taking had occurred when contractors constructing a city sewer project used a roadway over the defendant's property. The roadway was essential to provide access to the construction site and the use of the roadway flowed from the construction. This Court also held that the contractor's use of a staging area was not a taking because such staging area was not necessary to complete the project.

In the present case, the modification of defendants' property to provide access to Biltmore Avenue was in no way necessary or essential to the construction project. Therefore, no taking occurred.

Whether there is damage to defendants' remaining property as a result of the condemnation of the area described in the plat is a question more appropriately considered in the severed portion of this case concerning damages.

We find that the trial court did not err when it determined that the area taken was the area described in the plat. The decision of the trial court is

Affirmed.

Judges EAGLES and PARKER concur.