DEPARTMENT OF TRANSPORTATION v. QUICK AS A WINK OF ASHE-
VILLE WEST, INC.; AND GEORGE E. IVEY

No. 8628SC296

(Filed 16 September 1986)

APPEAL by defendants from *Lewis (Robert D.), Judge*. Order
entered 12 November 1985 in Superior Court, BUNCOMBE County.
Heard in the Court of Appeals 27 August 1986.

Defendants' property was condemned for the purpose of wid-
ening Biltmore Avenue in Asheville, Buncombe County, North
Carolina. After plaintiff condemned the property, it prepared and
filed a plat showing the areas acquired from defendants. The plat
indicated that 1,064 square feet for a new right-of-way, 452 square
feet for a temporary slope easement and 446 square feet for a
temporary construction easement were taken. Defendants pre-
sented evidence that the area taken was greater than that in-
dicated in the plat in that 1,065 square feet of new right-of-way
and 1,641 square feet of slope easement were taken for a total of
2,706 square feet. Defendants requested a hearing on the matter
pursuant to G.S. 136-108.

The parties stipulated that plaintiff went beyond the area
designated as appropriated in the plat. Plaintiff presented evi-
dence which tended to show that although it had physically ex-
ceeded the appropriated area, it did so solely to improve access to
defendants' remaining property.

Defendants presented evidence which tended to show the fol-
lowing facts. The existing dirt and asphalt that was in place was
removed during the construction and the front of the property
was regraded in a steeper slope. Plaintiff resloped, regraded, and
repaved the 2,706 square foot area and located the steeper slope
closer to the building and gasoline pumps on defendants' property
making that area less accessible and less desirable. Plaintiff
placed a "grassed island" within the 2,706 square foot area and
destroyed curbing within that same area. Defendants claim that
the business operation located on the premises has been damaged
and that plaintiff exceeded the appropriated area without defend-
ants' permission.

The trial court found that the change in the State's original plan by which the grade or the entrance to and exit from the car wash was lowered constituted an improvement of ingress and egress to the property and does not constitute a taking of more property than that described in the plat.

From the order entered in the superior court, defendants appeal.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for plaintiff appellee.*

*Patla, Straus, Robinson & Moore, by Jones P. Byrd, for defendant appellants.*

ARNOLD, Judge.

For the reasons set forth in *Dept. of Transportation v. Higdon*, 82 N.C. App. 752, 347 S.E. 2d 868 (1986), we affirm the order of the superior court.

Affirmed.

Judges EAGLES and PARKER concur.

---

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. MARY ARELIA PITTMAN

No. 8610SC226

(Filed 16 September 1986)

**Husband and Wife § 15; Insurance § 134— property destroyed by husband— amount of insurance proceeds to wife—payment to mortgagees**

  Defendant as an innocent spouse was entitled to recover on a homeowner's policy where the property loss was caused by the wrongful acts of her husband, and the amount to which she was entitled was one-half of the amount of the agreed loss left over after mortgagees were paid.

APPEAL by defendants from *Read, Judge.* Judgment entered 12 December 1985 in WAKE County Superior Court. Heard in the Court of Appeals 20 August 1986.