JAMES ROBERT ROBINSON AND WIFE, PRINCESS PEARL ROBINSON v.
NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND LEE
CONSTRUCTION COMPANY

No. 8713SC908

(Filed 5 April 1988)

**Eminent Domain § 2— damage to property from pile driving—compensable "taking"**

Plaintiffs' complaint was sufficient to state a claim in inverse condemnation where they alleged that defendant construction company, under contract with DOT, engaged in pile driving operations which damaged their property, and they further alleged that the damage to their property amounted to a "taking" for which they were entitled to compensation. N.C.G.S. § 136-11.

APPEAL by plaintiffs from *Stephens, Judge.* Order entered 29 June 1987 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 11 February 1988.

In the spring of 1985, Lee Construction Company, under contract with the North Carolina Department of Transportation, began construction of a bridge across the Intracoastal Waterway to connect Holden Beach with the mainland via Highway 130. Under the terms of the construction contract, the bridge was to be supported by concrete pile foundations. Lee Construction Company drove the piles 20 to 25 feet into the ground creating vibrations in the surrounding ground. Plaintiffs' property, located on the east side of Highway 130 and adjacent to the bridge construction, suffered damage.

In their complaint, plaintiffs stated that the vibrations damaged an oyster house on their property to such an extent that it was condemned. Specifically, the walls and the concrete slab floor cracked and the foundation settled. Additionally, two concrete septic tanks for residential structures on their property collapsed. When plaintiffs informed the on-site superintendent of the damage which was occurring, Lee Construction Company attempted to make repairs but continued the pile driving operations.

Plaintiffs filed this action against the Department of Transportation and Lee Construction Company alleging that they were entitled to recover damages from the Department of Transportation for inverse condemnation under G.S. 136-111 or, in the alter-

native, that they were entitled to recover damages from Lee Construction Company for trespass.

The Department denied plaintiffs' allegations of damages resulting from the bridge construction and moved to dismiss the action pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure. Judge Stephens granted the Department's motion and dismissed the complaint as against the Department of Transportation on the grounds that the complaint failed to state a claim for relief and that the court lacked subject matter and personal jurisdiction. From the order of the trial court, plaintiffs appeal.

*Powell and Gore, by William A. Powell, for plaintiff appellants.*

*Attorney General Lacy H. Thornburg, by Assistant Attorneys General Evelyn M. Coman and David R. Minges, for defendant appellee Department of Transportation.*

ARNOLD, Judge.

Plaintiffs contend that the trial court erred in dismissing their complaint against the Department of Transportation. We agree.

Inverse condemnation is governed by G.S. 136-111 which states in pertinent part:

> Any person whose land or compensable interest therein has been taken by an intentional or unintentional act or omission of the Department of Transportation and no complaint or declaration of taking has been filed by said Department of Transportation may . . . file a complaint in the superior court. . . .

In *Ledford v. Highway Comm.*, 279 N.C. 188, 190-91, 181 S.E. 2d 466, 468 (1971), our Supreme Court stated:

> "Taking" under the power of eminent domain may be defined generally as entering upon private property for more than a momentary period and, under the warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof.

Although plaintiffs' property damage caused by the bridge construction does not fit squarely within the above definition of a "taking," North Carolina courts have consistently held that such damage does, in fact, constitute a "taking." *Falls Sales Co. v. Board of Trans.*, 292 N.C. 437, 233 S.E. 2d 569 (1977); *Cody v. Department of Trans.*, 45 N.C. App. 471, 263 S.E. 2d 334, *disc. rev. denied*, 300 N.C. 372, 267 S.E. 2d 674 (1980). Damage to land which inevitably or necessarily flows from a public construction project results in an appropriation of land for public use. *See City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 338 S.E. 2d 794 (1986). The remedy for such property damage is an action against the Department of Transportation on the theory of condemnation. *Falls Sales Co.*, 292 N.C. at 437, 233 S.E. 2d at 569; *Cody*, 45 N.C. App. at 471, 263 S.E. 2d at 334.

Plaintiffs alleged in their complaint that Lee Construction Company, under contract with the Department of Transportation, engaged in pile driving operations which damaged their property. Plaintiffs further alleged that the damage to their property amounted to a "taking" for which they were entitled to compensation. Plaintiffs' allegations clearly state a claim in inverse condemnation against the Department of Transportation pursuant to G.S. 136-111. The trial court had subject matter jurisdiction in the case and erred in dismissing the complaint.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.