IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-390

Filed 5 December 2023

Caldwell County, No. 19CVS1560

SASHA ROSE ELLIOTT and JEREMY LEE OACHS, Plaintiffs,

v.

DEPARTMENT OF TRANSPORTATION, Defendant.

Appeal by plaintiffs from order entered 9 January 2022 by Judge Jacqueline D. Grant in Caldwell County Superior Court. Heard in the Court of Appeals 1 November 2023.

*Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Andrew J. Howell, for the plaintiff-appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Matthew Baptiste Holloway, for the defendant-appellee.*

TYSON, Judge.

Sasha Rose Elliott and Jeremy Lee Oachs (collectively "Plaintiffs") appeal from an order entered concluding: *inter alia,* (1) the Department of Transportation ("DOT") had not taken a compensable interest in Plaintiffs' property through inverse condemnation; (2) Plaintiffs were not entitled to any compensation from DOT; and (3) dismissing Plaintiffs' claims. We affirm.

## I.    Background

Plaintiffs acquired a parcel of real property located at 6149 Laytown Road in

Lenoir in July 2018. The parcel measures approximately 38.96 acres and contains Plaintiffs' single-family dwelling. Plaintiffs have lived on the property with their children since acquiring the parcel. The parcel is accessed through a gravel driveway, which rises and runs up a slope with a stream running along the base of the slope.

DOT acquired a new right-of-way to convert Laytown Road from a dirt road into a two-lane paved highway. This right-of-way extends into and through where Plaintiffs' driveway connects to Laytown Road. DOT's agreement with Plaintiffs' predecessors-in-title released DOT from all claims of damages by reason of acquiring and improving said right-of-way.

Sometime before 2017, a prior landowner, without involvement or help from DOT, installed eight concrete blocks directly on top of a slope on the driveway. Each of these blocks weighed an average of 3,600 lbs. Between 2017 and 2018, at the request of a prior owner, DOT installed gabion baskets filled with earth or rocks to support the abutment between Laytown Road and the driveway. The baskets were not located on the slope that later failed.

Plaintiffs noticed cracking and an opening in the ground at the connection of the driveway with Laytown Road. DOT performed maintenance work on a culvert near the driveway and placed large stone riprap on the fill side of the embankment beside the driveway in March 2019.

A three-day continuous rain event ("rain event") caused the slope of the driveway to collapse in June 2019 and rendered Plaintiffs' driveway unusable.

Several other slides occurred on Laytown Road during the rain event. A significant portion of Plaintiffs' driveway collapsed down the fill side of the embankment on 8 June 2019.

Plaintiffs filed a complaint demanding a jury trial and alleged inverse condemnation by DOT on 26 November 2019. DOT filed an answer, a motion to dismiss, and a motion for a hearing pursuant to N.C. Gen. Stat. § 136-108 (2021) to determine all issues other than damages.

Following hearings on 12 July 2022 and 30 September 2022 without a jury, the trial court entered an order concluding DOT had not taken a compensable interest in Plaintiffs' property and Plaintiffs were not entitled to any compensation. The court dismissed Plaintiffs' complaint. Plaintiffs appeal.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issues

Plaintiffs argue the trial court erred by: (1) concluding Plaintiffs' expert testimony was not supported by sufficient facts or data; (2) giving weight to DOT's witnesses, who did not offer credible evidence; and (3) eliminating their access to Laytown Road. Plaintiffs do not assert or argue any error from the trial court conducting the hearings and making findings without submitting disputed facts and evidence to resolution by a jury.

## IV. Standard of Review

"[W]hen the trial court sits without a jury, the standard of review on appeal is whether . . . competent evidence support[s] the trial court's findings of fact and whether the conclusions of law were proper in light of such facts." *Anthony Marano Co. v. Jones*, 165 N.C. App. 266, 267-68, 598 S.E.2d 393, 395 (2004) (citation omitted). Unchallenged findings of fact are binding upon appeal. *Lab. Corp. of Am. Holdings v. Caccuro*, 212 N.C. App. 564, 567, 712 S.E.2d 696, 699 (2011). "The trial court's conclusions of law are reviewed *de novo*[.]" *Strikeleather Realty & Invs. Co. v. Broadway*, 241 N.C. App. 152, 160, 772 S.E.2d 107, 113 (2015) (citation and quotation marks omitted).

## V. Inverse Condemnation

Inverse condemnation actions are governed by N.C. Gen. Stat. § 136-111. "Any person whose land or compensable interest therein has been taken by an intentional or unintentional act or omission of the Department of Transportation and no complaint and declaration of taking has been filed by said Department of Transportation may . . . file a complaint in the superior court[.]" N.C. Gen. Stat. § 136-111 (2021).

A taking under the power of eminent domain may be defined generally as an "entering upon private property for more than a momentary period and, under the warrant . . . of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof." *Ledford v. Highway*

*Comm.*, 279 N.C. 188, 190–91, 181 S.E.2d 466, 468 (1971).  North Carolina courts and precedents recognize "[d]amage to land which inevitably or necessarily flows from a public construction project results in an appropriation of land for public use." *Robinson v. N.C. Dept. of Transportation,* 89 N.C. App. 572, 574, 366 S.E.2d 492, 493 (1988) (citing *City of Winston–Salem v. Ferrell*, 79 N.C. App. 103, 338 S.E.2d 794 (1986)).

Our Supreme Court has held: "[p]arties to a condemnation proceeding must resolve all issues other than damages at a hearing pursuant to N.C.[Gen. Stat.] § 136-108." *Dep't of Transp. v. Rowe*, 351 N.C. 172, 175, 521 S.E.2d 707, 709 (1999).  N.C. Gen. Stat. § 136-108 provides:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (2021).  N.C. Gen. Stat. § 136-108 applies to both inverse and traditional condemnations.  *DeHart v. N.C. Dep't of Transp.*, 195 N.C. App. 417, 419, 672 S.E.2d 721, 722 (2008) ("DOT then moved for a hearing pursuant to N.C. Gen. Stat. § 136-108 (2007) to determine 'whether the Plaintiffs have had any interest or area of their property taken by the Defendant and/or whether the Plaintiffs have an inverse condemnation claim against the Defendant.'").

## VI.    Plaintiffs' Expert Testimony

Plaintiffs argue the trial court erred in finding their expert, Jeffrey Brown's, testimony was not credible. Plaintiffs seek for this Court to re-weigh the evidence presented before the trial court. "The trial court must determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Coble v. Coble*, 300 N.C. 708, 712-13, 268 S.E.2d 185, 189 (1980) (citations omitted). Competent evidence supports the trial court's unchallenged and binding findings and conclusions about credibility and weight accorded to the competing experts. Plaintiffs' argument is overruled.

## VII.   DOT Witnesses

Plaintiffs argue the trial court improperly credited DOT's witness testimony. As established above, the "trial court must determine what pertinent facts are actually established by the evidence before it," and it is not our role as an appellate court to reweigh the evidence. *Id.* at 712, 268 S.E.2d at 189.

It is the injured party's burden at trial to establish their injury was sustained by the action of the opposing party. *See Board of Education v. McMillan*, 250 N.C. 485, 489, 108 S.E.2d 895, 898 (1959) (holding that the injured party has the burden of the issue on damages and must convince the jury by a greater weight of evidence that he has been damaged.).

This burden applies to cases dealing with an overflow of water damaging a landowner's property. *Lea Co. v. N.C. Board of Transportation*, 308 N.C. 603, 614,

304 S.E.2d 164, 172 (1983) (holding that in order to recover for damages, the plaintiff had to show how the increased overflow of water was "such as was reasonably to have been anticipated by the State to be the direct result of the structures it built and maintained" (citation omitted)). Plaintiffs must show it was reasonably foreseeable for the State to anticipate the change in water movement at the time it undertook to erect a structure. *Id.* Plaintiffs' argument is overruled.

### VIII. Plaintiffs Access to Laytown Road

Plaintiffs argue the trial court erred by denying their access to Laytown Road without just compensation. Our statutes and precedents have long established "[a]n owner of land abutting a highway or street has the right of direct access from his property to the traffic lanes of the highway." *Dept. of Transportation v. Harkey*, 308 N.C. 148, 151, 301 S.E.2d 64, 67 (1983); *see* N.C. Gen. Stat. § 136-89.53 (2021) ("When an existing street or highway shall be designated as and included within a controlled-access facility the owners of land abutting such existing street or highway shall be entitled to compensation for the taking of or injury to their easements of access."). The State may not diminish, deprive, or take away this right away without just compensation to the property owner. *Harkey*, 308 N.C. at 151, 301 S.E.2d at 67.

Governmental action eliminating all direct access to an abutting road is a taking and compensable as a matter of law. *Id.* at 158, 301 S.E.2d at 71. Even if the State's actions do not eliminate all direct access, a landowner may be entitled to compensation if his common law and statutory rights of access are substantially

interfered with by the State. *Highway Comm. v. Yarborough*, 6 N.C. App. 294, 302, 170 S.E.2d 159, 165 (1969).

Competent evidence supports the trial court's findings and conclusion the collapse of Plaintiffs' slope and driveway was not caused by or a result of DOT actions. Plaintiffs' failed to show DOT's actions denied Plaintiff of their physical and lawful access to Laytown Road. Plaintiffs' argument is overruled.

## IX. Conclusion

Plaintiffs do not appeal nor argue the hearings were conducted and expert testimony and factual disputes on damages incurred were presented before the trial court without a jury as was demanded in their complaint. The evidence, taken as a whole, is competent to support the trial court's findings of fact that the DOT's experts' testimonies were more persuasive than Plaintiffs' expert witness. These findings support the trial court's conclusions of law. The order of the trial court is affirmed. *It is so ordered.*

AFFIRMED.

Judges MURPHY and COLLINS concur.